MAX SNYDER v. EDWARD SCHEIDT, Commissioner of North Carolina Department of Motor Vehicles, State Highway Patrol, and Patrolman, C. L. BLACKMON.

(Filed 10 April, 1957.)

1. **Automobiles § 2—**

The statute directs the revocation of a driver's license for one year upon his conviction of two charges of reckless driving committed within a period of twelve months, and if both offenses were committed within a twelve-month period, it is immaterial that the conviction of the second offense was entered more than twelve months after the first. G.S. 20-17(6).

**2. Same—**

In upholding the revocation of a driver's license for a period of one year for two convictions of reckless driving committed within a period of twelve months, the failure of the court to specifically find that the convictions were final, will not be held fatal when the driver makes no contention that there was any appeal from the convictions or that the convictions were not final, and it appears that the convictions as certified by the clerk were considered by the court below and all parties as final convictions.

**3. Same—**

The provisions of G.S. 20-17(6) and G.S. 20-19(f) are mandatory.

RODMAN, J., not sitting.

APPEAL by plaintiff from *Parker, J.*, September Term, 1956, of WAYNE.

Plaintiff was convicted of two separate offenses of reckless driving (G.S. 20-140), the first committed 6 April, 1954, and the second 4 November, 1954. For the first offense, the conviction was on 15 June, 1954, in the Recorder's Court of Chowan County. For the second offense, the conviction was on 20 December, 1955, in the Recorder's Court of Goldsboro. On 15 February, 1956, the Commissioner of Motor Vehicles, having received official reports of said convictions from the clerks of said courts, revoked plaintiff's operator's license for one year, from 20 December, 1955, to 20 December, 1956. Notice thereof was served on plaintiff.

Plaintiff did not surrender his operator's license card. Instead, he brought this action to enjoin said revocation by the Commissioner and obtained a temporary restraining order.

At the hearing below, after finding the facts stated above, the court below vacated said temporary restraining order, adjudging that the Commissioner "is hereby authorized to enter an order revoking the plaintiff's driver's license for a period of one full year pursuant to the requirements of G.S. 20-17(6) and G.S. 20-19(f)," and that "the costs of this action . . . be taxed against the plaintiff."

Plaintiff excepted to the judgment, appealed therefrom, and presents two assignments of error.

*J. Faison Thomson & Son for plaintiff, appellant.*
*Attorney-General Patton, Assistant Attorney-General Giles and Staff Attorney Kenneth Wooten, Jr., for defendant, appellee.*

BOBBITT, J. Plaintiff's first assignment of error is that the court erred in its conclusion of law because the second *conviction* was on 20 December, 1955, more than one year after 15 June, 1954, the date of the first *conviction*. Plaintiff's contention is interesting but unsub-

stantial. G.S. 20-17(6) deals with "two charges of reckless driving *committed* within a period of twelve months." (Italics added.) The date of the offense, not the date of the conviction, is the determinative factor.

Plaintiff's second assignment of error is general, that is, directed to the judgment. With reference thereto, plaintiff, by brief, makes two contentions, viz.:

*First,* plaintiff asserts that there was no evidence before the court upon which to base its findings of fact. We need not list the several reasons why this position is untenable. Suffice to say, the essential facts found by the court are the facts set forth in plaintiff's statement of case on appeal.

*Second,* plaintiff asserts that, because there was no express finding that said convictions were *final* convictions, the findings of fact were insufficient to support the judgment. True, the word "conviction," as used in G.S. 20-17(6), refers to a final conviction by a court of competent jurisdiction. *Harrell v. Scheidt, Comr. of Motor Vehicles,* 243 N.C. 735, 739, 92 S.E. 2d 182. Plaintiff made no allegation and offered no evidence that he appealed from either of said convictions or that either conviction was otherwise than a final conviction. Moreover, the record fails to show that plaintiff contended at any time in the court below that the convictions were not final convictions. Indeed, it is obvious that the convictions as certified by said clerks were considered by the court below and all parties as final convictions. Nothing else appearing, they are so regarded here.

The provisions of G.S. 20-17(6) and G.S. 20-19(f), are mandatory. *Harrell v. Scheidt, Comr. of Motor Vehicles, supra.* Plaintiff's assignments of error are without merit.

Affirmed.

RODMAN, J., not sitting.