STATE OF NORTH CAROLINA v. ELWOOD FRANKLIN BALL.

(Filed 20 September, 1961.)

Automobiles § 3— Suspension of driver's license is effective from date of order and not date of receipt of notice of conviction warranting revocation.

The provision of a statute that the Department of Motor Vehicles shall "forthwith" revoke a driver's license upon receiving record of the licensee's conviction of violating G.S. 20-138, means that the Department shall do so with reasonable dispatch, and when within five days from the receipt of such notice the Department orders the revocation of the license for one year from the date of the order, G.S. 20-19(f), the revocation is in effect until the same date of the subsequent year, and defendant's contention that his operation of an automobile more than one year from the date of conviction or the date of receipt of notice by the Department, but within a year of the order of revocation, will not support a conviction of driving without a license, is untenable.

APPEAL by defendant from *Cowper, J.,* May-June 1961 Criminal Term of CRAVEN.

Defendant was convicted of operating a motor vehicle on a public highway after his license was revoked and while said revocation was in effect, in violation of G.S. 20-28. A fine of $200, as provided by that statute, was imposed.

*Attorney General Bruton and Assistant Attorney General Young for the State.*

*Charles L. Abernethy, Jr. for defendant appellant.*

RODMAN, J.   Defendant admitted he was operating a motor vehicle on a public highway on the night of 21 January 1961. He admitted his license to operate had been revoked, but asserted the revocation could not lawfully extend beyond 20 January 1961.

He preserves and presents this defense by an exception to the court's charge that operation of a motor vehicle on a highway subsequent to 23 January 1960 and prior to 23 January 1961 would be a violation of the Department's revocation of his license to drive and hence criminal.

To support the charge of criminal conduct, the State put in evidence a certified copy of the Department's "OFFICIAL RECORD OF CONVICTIONS FOR VIOLATIONS OF MOTOR VEHICLE LAWS AND DEPARTMENTAL ACTION." This record discloses that defendant was convicted on 11 January 1960 in the recorder's court at Kinston of the offense of "Driving Drunk," and "Department Action: Revoked Jan. 23, 1960 to January 23, 1961 — Notice mailed

to address as shown by the records of the Dept. January 20, 1960 — Duplicate Renewal License on file in Dept. January 28, 1960."

Defendant's motion that he be allowed to insert as a part of the record the official report made by the recorder's court has been allowed. This record shows the date of the alleged offense of "Driving Drunk" as 11-14-59, date of conviction, 1-11-60, plea of guilty, and fine of $100 and costs. The report from the recorder's court dated 15 January 1960 was received by the Department on 18 January 1960. Defendant concedes that his plea of guilty in the recorder's court was an admission of a violation of G.S. 20-138, and the judgment there rendered conforms to the provisions of G.S. 20-179.

The Department of Motor Vehicles is required to "forthwith revoke the license" of any operator upon receiving a record of such operator's conviction of operating a motor vehicle while under the influence of intoxicating liquor. G.S. 20-17. The period of revocation is one year by the express language of G.S. 20-19(f). When does the period of revocation begin? Defendant contends revocation should have started 11 January 1960, the date of his conviction, not because the court had a right to revoke his license, but because the statute, G.S. 20-24, makes it the duty of the court, upon conviction, to secure the defendant's license and transmit the same to the Department of Motor Vehicles. This contention ignores the express language of G.S. 20-17, which forms the basis on which the Department is authorized to act. The statute expressly declares the Department shall act "upon receiving a record of such operator's or chauffeur's conviction . . ." In no event was the Department authorized to revoke defendant's license prior to 18 January 1960, the date on which it received notice of his conviction.

Since the notice of conviction was received by the Department on 18 January 1960, defendant maintains the revocation should start on that date and could not extend beyond 18 January 1961; but the statute does not require the commissioner to act instantaneously. The language is that he shall act "forthwith". "Forthwith" is defined by Webster as "Immediately; without delay, hence, within a reasonable time; promptly and with reasonable dispatch." Webster's New Int. Dic., 2d ed. *Brown, J.,* in interpreting the meaning of the words "immediately" and "forthwith," said in *Claus v. Lee,* 140 N.C. 552: "Such terms never mean the absolute exclusion of any interval of time, but mean only that no unreasonable length of time shall intervene before performance."

If defendant deemed 23 January 1960 an improper date for revocation to become effective, he should have applied to the Department to correct its records by inserting the correct date. He could not, when on trial for the criminal offense of driving while his license was

revoked, collaterally attack the record of revocation which did not on its face disclose invalidity. *Beaver v. Scheidt,* 251 N.C. 671, 111 S.E. 2d 881.

If the period of revocation is to begin on the date of conviction, the Legislature may so provide by amending the present statutes. We have no authority to write such an amendment into the law.

Affirmed.