RAY L. SIMPSON, PLAINTIFF v. JOE W. GARRETT, COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA, DEFENDANT

No. 7227SC506

(Filed 2 August 1972)

Automobiles § 2— two convictions of reckless driving within twelve months — suspension of license within reasonable time

> Where defendant gave notice of revocation of plaintiff's driver's license eleven days after it received notice of plaintiff's second conviction for reckless driving during a period of twelve months but the notice of revocation was issued fifteen months after plaintiff's second conviction, defendant acted within a reasonable time and plaintiff could not complain of the delay, particularly where he could have prevented it by surrendering his license to the clerk of court at the time of his second conviction. G.S. 20-17; G.S. 20-19(f); G.S. 20-24(a).

APPEAL by defendant from *Thornburg, Judge,* 6 December 1971 Civil Session of Superior Court held in GASTON County.

Civil action filed 18 August 1971 seeking to enjoin defendant from revoking plaintiff's operator's and chauffeur's license under a notice and order issued 6 August 1971 and effective 16 August 1971. The notice and order were issued after notice was received by defendant of plaintiff's conviction upon two charges of reckless driving committed within a period of twelve months. G.S. 20-17(6) and 20-19(f).

The complaint alleges that the notice was issued "wrongfully and unlawfully" in that "the plaintiff has not been convicted of two offenses of reckless driving."

A temporary restraining order was issued on 17 August 1971 and thereafter continued. The matter came on for final hearing at the 6 December 1971 Session of Superior Court; however, judgment was not entered until 28 March 1972.

Plaintiff introduced no evidence at the hearing. Defendant offered certified, sealed copies of certain records of the Department of Motor Vehicles and also the record proper in a case in which plaintiff was convicted upon his plea of guilty, 3 October 1969, to reckless driving, reduced from a charge of driving while under the influence of intoxicating liquor.

Based upon this evidence, the court made findings including the following:

"1. Defendant received on 27 October 1969 a record of plaintiff's conviction on 3 October 1969 of reckless driving for an offense committed on 30 August 1969 from the District Court of Gastonia, North Carolina.

2. Defendant received on 26 July 1971 a record of plaintiff's conviction on 28 May 1970 of reckless driving for an offense committed 3 April 1970 from the District Court of Shelby, North Carolina.

3. On 6 August 1971, defendant mailed its official notice and record of revocation of driving privilege received by plaintiff revoking plaintiff's driving privilege for one (1) year effective 16 August 1971 for conviction of two offenses of reckless driving committed within a period of twelve (12) months under the provisions of G.S. 20-17(6) and G.S. 20-19(f).

4. That approximately fifteen (15) months elapsed from the last conviction of reckless driving on 28 May 1970, until the notice of revocation and order of revocation issued by the defendant and mailed to the plaintiff on 6 August 1971; and that plaintiff did nothing to cause the delay of the defendant in taking action against his driving privilege during this period."

The court concluded from the foregoing findings that defendant did not act within a reasonable time after 28 May 1970 to revoke or suspend plaintiff's driving privileges. Judgment was thereupon entered ordering the notice and order of 6 August 1971 set aside and enjoining defendant from revoking

plaintiff's driving privileges based upon said notice and order. Defendant appealed.

*Frank Patton Cooke for plaintiff appellee.*

*Attorney General Morgan by Assistant Attorney General Melvin and Assistant Attorney General Ray for defendant appellant.*

GRAHAM, Judge.

The sole ground for relief set forth in plaintiff's complaint is his sworn statement that he has not been convicted of two offenses of reckless driving. Records introduced by defendant show that during the preceding ten years plaintiff was convicted of innumerable traffic offenses, including one conviction for the offense of driving while intoxicated and four convictions for the offense of reckless driving.

The latter two convictions for reckless driving were for offenses committed within a period of twelve months. "Upon receiving a record" of an operator's or chauffeur's conviction upon two charges of reckless driving committed within a period of twelve months, the Department of Motor Vehicles is required to "forthwith revoke" the license of such persons for the statutory period. G.S. 20-17(6) ; G.S. 20-19(f). The provisions of these statutes are mandatory and not discretionary. *Snyder v. Scheidt, Comr. of Motor Vehicles,* 246 N.C. 81, 97 S.E. 2d 461.

The Department of Motor Vehicles was not authorized to revoke plaintiff's license before it received notice of his second conviction for reckless driving. *State v. Ball,* 255 N.C. 351, 121 S.E. 2d 604. The Department acted within eleven days after it received this notice. This was reasonable compliance with G.S. 20-17. The word "forthwith" in G.S. 20-17 does not require instantaneous action but only action within a reasonable length of time. *State v. Ball, supra.*

The elapse of approximately fifteen months between plaintiff's last conviction for reckless driving and the order of revocation was not caused by defendant or his department. The delay apparently resulted from the failure of the clerk of the court where plaintiff was last convicted to act promptly in forwarding a record of the conviction to the Department of Motor Vehicles. Plaintiff could have prevented any delay in the start of the revocation period by surrendering his license to the

clerk and obtaining a receipt therefor at the time of his second conviction. G.S. 20-24(a) designates clerks of court and assistant and deputy clerks of court as agents of the Department of Motor Vehicles for receipt of driver's licenses in cases where revocation is required. ". . . Any operator's or chauffeur's license, which has been surrendered and for which a receipt has been issued as herein required, shall be revoked or suspended as the case may be as of the date shown upon the receipt issued to such person." Since plaintiff could have prevented the delay about which he now complains, we hold that he is entitled to no injunctive relief. It is further noted that plaintiff neither alleged nor offered proof tending to show that he has been prejudiced by the delay in question.

The judgment setting aside the notice and order of revocation and enjoining defendant from revoking or suspending plaintiff's driving privileges pursuant to the order and notice is reversed.

Reversed.

Judges PARKER and VAUGHN concur.