STATE OF NORTH CAROLINA v. CLARENCE O'DELL STANLEY

No. 7614SC301

(Filed 6 October 1976)

**Automobiles § 2— habitual offender statute — meaning of "forthwith" — two year delay between offenses and filing petition unreasonable**

 The word "forthwith" as used in G.S. 20-223, the habitual offender statute, means within a reasonable time; therefore, a delay of two years between the time the Commissioner of Motor Vehicles informed the county solicitor that defendant might be an habitual traffic offender and the time the county solicitor filed a petition to have defendant declared an habitual offender was unreasonable.

APPEAL by respondent from *Canaday, Judge.* Judgment entered 30 January 1976 in Superior Court, DURHAM County. Heard in the Court of Appeals 25 August 1976.

Between 1972 and 1973, Clarence O'Dell Stanley, appellant, was convicted three times of driving under the influence of alcohol. On 21 August 1973 his driver's license was permanently revoked, and on 31 October 1973 a search was made of his driving record and an abstract compiled by the Commissioner of Motor Vehicles. On 6 November 1973 the Commissioner informed the Durham County Solicitor that appellant's driving record indicated that he might be an habitual traffic offender under G.S. 20-220, *et seq.* The Commissioner provided a certified copy of the abstract which supported his conclusion. G.S. 20-222.

Nearly two years later, on 23 October 1975, the Durham County Solicitor filed a petition pursuant to G.S. 20-223 asking the Superior Court to require appellant to appear and show cause why he should not be found an habitual offender and barred from operating a motor vehicle on North Carolina's highways. A certified copy of appellant's abstract was attached to this petition. The Superior Court judge issued a Show Cause Order on 26 October 1975, and it was served on appellant that day. A hearing on the petition was held 30 January 1976. Appellant appeared and denied the contents of the abstract but did not testify. He was found to be an habitual offender and was barred from operating a motor vehicle on North Carolina highways.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for the State.*

*Norman E. Williams and Kenneth B. Oettinger for respondent appellant.*

ARNOLD, Judge.

Appellant argues that the solicitor's two year delay in filing the petition violated G.S. 20-223. That statute provides that

"[t]he District Attorney, upon receiving the aforesaid abstract from the Commissioner, shall *forthwith file a petition* against the person named therein in the superior court division of the county wherein such person resides . . . [emphasis added]."

Appellant argues that forthwith, as used in the statute, means "immediately." However, the word forthwith can also mean "within a reasonable time under the circumstances" or "as soon as reasonably can be expected." Forthwith, as used in other North Carolina traffic statutes, has been held to mean within a reasonable time. *See, Simpson v. Garrett, Comr. of Motor Vehicles,* 15 N.C. App. 449, 190 S.E. 2d 251 (1972). We hold that the same meaning applies in G.S. 20-223.

The State argues that the district attorney's office was understaffed and overburdened with criminal cases which had priority for trial. It is contended that under these circumstances the action was commenced within a reasonable time. This argument might be persuasive to explain the delay in holding the hearing, but the statute does not require that the matter be *heard* forthwith, what is required is that a petition be *filed* forthwith.

We hold that, under the circumstances of this case, the delay of nearly two years by the district attorney in filing the petition was unreasonable.

Reversed.

Chief Judge BROCK and Judge PARKER concur.