MEREDITH HINSON BAGGETT v. ELBERT L. PETERS, JR., COMMISSIONER, DIVISION OF MOTOR VEHICLES

No. 804SC397

(Filed 4 November 1980)

Automobiles § 2– driver's license – probation – accumulation of three points – points assessed as of date of commission of offense

　　In determining whether there has been a violation of a condition of probation of a driver's license that the licensee not accumulate as many as

three points during the probation period, G.S. 20-16(c) requires the Division of Motor Vehicles to assign points to the licensee's record for traffic convictions as of the date of the offense. Therefore, petitioner's license was properly suspended for a probation violation where four points were assigned to his driving record for two traffic offenses committed within the period of probation, although one conviction was not obtained until after his probation had expired.

APPEAL by respondent from *Rouse, Judge.* Judgment entered 26 February 1980 in Superior Court, SAMPSON County. Heard in the Court of Appeals 15 October 1980.

Respondent suspended petitioner's driver's license pursuant to G.S. 20-16 for a probation violation. Petitioner then applied for a hearing in the Superior Court. The court found that petitioner had not violated his probation and ordered immediate restoration of his driving privileges.

The facts are undisputed. Petitioner was convicted of speeding at 70 m.p.h. in a 55 m.p.h. zone on 20 June 1977 and, within a year, was also convicted of reckless driving on 3 May 1978. His driver's license was, therefore, subject to suspension under G.S. 20-16(a)(9). Hearings officer, J.L. Jackson, Jr., ordered probation in lieu of a sixty-day suspension.

Petitioner agreed to the following conditions for probation: that he not accumulate as many as three points, that he not be convicted of exceeding the speed limit by more than 15 miles per hour and in excess of 55 miles per hour, and that he not be convicted of any other speeding violation over 55 miles per hour and in excess of 15 miles per hour over the speed limit. The probation agreement further provided that violation of any of these terms would result in revocation or suspension of driving privileges for sixty days. The probationary period was from 22 June 1978 to 22 February 1979. Petitioner committed two offenses within this period. He exceeded a safe speed on 26 September 1978 and 21 December 1978. He was convicted for the first offense in the Wilson District Court on 27 October 1978. He was convicted for the second offense in Clinton District Court on 23 April 1979. Four points were assigned to his driving record as a result of these offenses.

On 14 May 1979, respondent sent petitioner an official notice and record of suspension of his driving privilege. The

basis for the suspension was petitioner's accumulation of more than three points during probation. In a subsequent hearing pursuant to G.S. 20-25, the Superior Court restored petitioner's license in its order of 26 February 1980 from which respondent now appeals.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Associate Attorney Jane P. Gray, for respondent appellant.*

*Paderick, Warrick, Johnson and Parsons, by W. Douglas Parsons, for petitioner appellee.*

VAUGHN, Judge.

The sole issue in this appeal is whether petitioner accumulated as many as three points in traffic violations during the probationary period. Respondent's chief exception is to the court's conclusion as a matter of law

> That the provisions of North Carolina General Statute 20-16(c) providing for the assignment of points as of the date of the commission of the offense, applies only to the provisions of North Carolina General Statute 20-16(a)(5) through (a)(11), and does not apply to the accumulation of three or more points during a period of probation, which constitutes a violation of the conditions of probation.

This ruling was erroneous, and we reverse.

Petitioner's contention is that where the legislature "intended a sanction to be based on *commission* dates, they also clearly expressed so." This is true. G.S. 20-16(a)(1), (7); *see also Snyder v. Scheidt, Comr. of Motor Vehicles*, 246 N.C. 81, 97 S.E. 2d 461 (1957). It is also true that the legislature speaks in terms of conviction dates for other offenses. G.S. 20-16(a)(8)-(10a). We are not, however, concerned with the authority of the Division of Motor Vehicles to suspend the license of an operator under G.S. 20-16(a) in this case. It is uncontested that petitioner's license was duly subject to suspension on 22 June 1978 because he had been convicted, within a period of twelve months, of speeding in excess of 55 m.p.h. and reckless driving. G.S. 20-16(a)(9). In that situation, the Division could not order suspension unless there were two convictions within the period. It is to be distinguished from the question at bar where the Division

seeks only to enforce the unexpired period of the original suspension because of a probation violation. In this context, G.S. 20-16(c) is the controlling authority.

It is an elementary rule of statutory construction that words must be given their clear and plain meaning in light of discernible legislative intent. *Mazda Motors v. Southwestern Motors*, 296 N.C. 357, 250 S.E. 2d 250 (1979); *Food House, Inc. v. Coble, Sec. of Revenue*, 289 N.C. 123, 221 S.E. 2d 297 (1976). In precise language, G.S. 20-16(c) requires the Division to assign points to a driver's record for traffic convictions as of the date of the commission of the offense. The statute simply prevents assessment of points until after conviction so the driver may first contest the charge. Nevertheless, upon conviction, the assessment of points relates back to the date the offense was committed.

G.S. 20-16(c) also provides that the Division, in its discretion, may substitute a period of probation for suspension. Specifically, it states that "[a]ny violation of probation during the probation period shall result in a suspension for the unexpired remainder of the suspension period. Any accumulation of three or more points under this subsection during a period of probation shall constitute a violation of the condition of probation." Respondent argues that for purposes of finding a probation violation, points accumulate in the same way that they are assigned. We agree. The statute refers to the accumulation of points *"under this subsection."* Subsection (c) assigns points as of the commission date. The legislature has, therefore, plainly indicated that during probation, points accumulate as they are assigned.

Petitioner committed two traffic offenses well within the period of probation. It is irrelevant that the second conviction was not entered until after his probation had expired. When the conviction was entered, points were assigned to his record as of the commission date under G.S. 20-16(c). Four points were assigned to his driving record which were effective for the probationary period. Thus, petitioner violated the probation condition that he not accumulate as many as three points. The Division of Motor Vehicles properly suspended his driving privileges for the unexpired remainder of the suspension period,

and it was error for the court to order restoration of those privileges.

In conclusion, we note that our interpretation of the statute is consistent with its policy. The hearing officer decided to place petitioner "on strict probation that it might serve as a deterrent to any further Motor Vehicle violations." It does not seem that petitioner was effectively deterred. We must agree with respondent that if points accumulated as of the conviction date, "individuals during probation who were arrested for a traffic violation, could postpone their trials to a date beyond the period of probation, and thus escape the effect of the sanction." Such a result would surely erode the policy of G.S. 20-16(c) which is to encourage the Division to order probation instead of suspension when it is a reasonable enforcement alternative.

The judgment appealed from is reversed.

Reversed.

Judges MARTIN (Harry C.) and WELLS concur.