RUTH E. DOWNS, FRANK C. REYNOLDS, JR., AND MARGUERITE C. REYNOLDS, PLAINTIFFS-APPELLEES v. STATE OF NORTH CAROLINA, THE NORTH CAROLINA DEPARTMENT OF REVENUE, E. NORRIS TOLSON, IN HIS CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, AND THE HONORABLE ROY COOPER, IN HIS CAPACITY AS ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA, DEFENDANTS-APPELLANTS

No. COA02-969

(Filed 15 July 2003)

**Taxation— gift—contingent transfers**

The trial court erred by granting summary judgment for plaintiffs on a claim for a gift tax refund arising from contingent transfers of property to trusts. N.C.G.S. § 105-195 is unambiguous in giving the Secretary of Revenue the discretion to assess a tax on a contingent transfer based on the potential happening of any of the possible contingencies. There is no evidence in the record that the Secretary abused this discretion.

Appeal by defendants from order entered 24 April 2002 by Judge David Q. LaBarre in Superior Court, Wake County. Heard in the Court of Appeals 17 April 2003.

*Webb & Graves, PLLC, by Rick E. Graves, for plaintiffs-appellees.*

*Attorney General Roy Cooper, by Special Deputy Attorney General George W. Boylan, for defendants-appellants.*

McGEE, Judge.

Ruth E. Downs, Frank C. Reynolds, Jr., and Marguerite C. Reynolds (plaintiffs) filed a complaint on 28 November 2001 against the State of North Carolina, the North Carolina Department of Revenue, E. Norris Tolson, and Attorney General Roy Cooper (defendants) seeking a refund under N.C. Gen. Stat. § 105-241.4 and N.C. Gen. Stat. § 105-267 for gift taxes paid pursuant to a final order of the North Carolina Department of Revenue (the Department). Defendants filed a verified answer dated 7 January 2002. Defendants filed a motion for summary judgment on 25 January 2002 and plaintiffs filed a motion for summary judgment dated 15 March 2002.

The evidence before the trial court tended to show that plaintiff Ruth E. Downs (Ms. Downs) transferred an interest in her residence

to an irrevocable trust on 12 September 1997. Ms. Downs retained the right to occupy the residence for a term of five years or for her lifetime, whichever was shorter. The trust provided that if Ms. Downs died prior to the expiration of the five-year term, the residence would revert to her estate and be disposed as a part thereof. However, if Ms. Downs survived the five-year term, the residence would pass to her remainder beneficiaries.

Plaintiffs Frank C. Reynolds (Mr. Reynolds) and Marguerite C. Reynolds (Ms. Reynolds) each transferred an interest in their residence to separate irrevocable trusts in separate trust agreements dated 28 September 1999. The trusts contained the same five-year survival terms as Ms. Downs' trust.

The complaint states that the Department imposed (1) a gift tax of $3,023.62, including penalties and interest, on Ms. Downs' transaction on 12 December 2000, (2) a gift tax of $3,343.00, including penalties and interest, on Mr. Reynolds' transaction on 31 August 2000, and (3) a gift tax of $3,948.60, including penalties and interest, on Ms. Reynolds' transaction on 5 September 2000. Ms. Downs paid her tax under protest on 27 December 2000 and Mr. and Ms. Reynolds paid their taxes under protest on 2 February 2001.

The trial court granted summary judgment for plaintiffs on 24 April 2002. The trial court ordered the Secretary of Revenue (the Secretary) to "apportion the fair market value of the gifts of the plaintiffs between the plaintiffs, as term of years beneficiaries, and the remaindermen of the trust." The trial court also ordered the Secretary to "consider contingencies, limitations or other factors that affect the fair market value of the gift . . . and consider, and assign a value to, the reversionary interest retained by the plaintiffs." Defendants appeal.

> It is well established that the standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, "(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law."

*Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000) (quoting *Gaunt v. Pittaway*, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664 (2000)), *aff'd*, 353 N.C. 445, 545 S.E.2d 210 (2001). Alleged errors of law and questions of statutory interpretation are reviewed

*de novo. Falk Integrated Tech., Inc. v. Stack,* 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999); *N.C. Reinsurance Facility v. N.C. Insurance Guaranty Assn.,* 67 N.C. App. 359, 362, 313 S.E.2d 253, 256 (1984).

The sole issue in this appeal is whether the trial court incorrectly interpreted the gift tax statute for property transfers in granting summary judgment for plaintiffs. Since this is a question of statutory interpretation, we will conduct a *de novo* review of the trial court's conclusions of law. N.C. Gen. Stat. § 105-195 (2001) governs the assessment of gift taxes on property transfers and states:

> Said taxes shall be assessed upon the actual value of the property at the time of the transfer by gift. If the gift subject to said tax be given to a donee for life or for a term of years, or upon condition or contingency, with remainder to take effect upon the termination of the life estate or term of years or the happening of the condition or contingency, the tax on the whole amount shall be due and payable as in other cases, and said tax shall be apportioned between such life tenant or tenant for years and the remainderman, such apportionment to be made by computation based upon the mortuary and annuity tables set out in G.S. 8-46 and 8-47 of the General Statutes, and upon the basis of six per centum (6%) of the gross value of the property for the period of expectancy of the life tenant or for the term of years in determining the value of the respective interests. When property is transferred or limited in trust or otherwise, and the rights or interests of the transferees or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended, or abridged, a tax shall be imposed upon said transfer at the highest rate, within the discretion of the Secretary of Revenue, which on the happening of any of the said contingencies or conditions would be possible under the provisions of this section, and such tax so imposed shall be due and payable forthwith by the donor, and the Secretary of Revenue shall assess the tax on such transfers.

Our review of North Carolina case law reveals that N.C.G.S. § 105-195 has not previously been interpreted by our appellate courts. In interpreting statutory language, our goal is to give effect to the intent of the General Assembly. *Clark v. Sanger Clinic, P.A.,* 142 N.C. App. 350, 354, 542 S.E.2d 668, 671, *disc. review denied,* 353 N.C. 450, 548 S.E.2d 524 (2001). We primarily consider the language of the

statute itself. If the statute is free from ambiguity in its express terms, those terms will be enforced as written without the need for judicial construction. *Id.* at 354, 542 S.E.2d at 671-72.

We believe the wording of the statute is unambiguous in that it gives the Secretary the discretion to assess a tax on the contingent transfer based on the potential happening of any of the possible contingencies. The plain language of the statute does not require the Secretary to consider or assign a value to the reversionary interest retained by plaintiffs. The Secretary may consider the potential contingencies and factors in assessing the tax, but the statute does not set forth specific consideration that must be undertaken in this decision. The Secretary is not granted unlimited authority or discretion in assessing a tax, and a decision by the Secretary may be overturned upon an abuse of that discretion. The wording of the statute specifically permits the Secretary to assess a tax at the highest possible rate that could arise upon the happening of any of the potential contingencies, but this decision is left to the discretion of the Secretary. Since the assessment of taxes on contingent transfers are heavily fact based, the Secretary must have sufficient discretion to assess a tax that is appropriate under the circumstances. The General Assembly declined to fashion a hard and fast rule for the consideration, valuation, and taxation of contingencies and left the assessment of such taxes to the Secretary's discretion. We believe this is the result intended by the General Assembly; the wording of the statute is unambiguous and does not require judicial construction.

N.C. Gen. Stat. § 105-267 (2001) provides that a taxpayer is entitled to a refund of taxes paid if "it is determined that all or part of the tax was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid or excessive." After an examination of the record, we find there is no evidence that the taxes assessed on plaintiffs' transfers were illegal, unauthorized, invalid, or excessive. The Secretary is given discretion in assessing the tax, which may include a tax at the highest possible rate that would occur upon the happening of any of the said contingencies. There is no evidence in the record that the Secretary abused this discretion or otherwise improperly assessed the gift tax upon plaintiffs' transfers. The record lacks any evidence that plaintiffs were entitled to a refund for taxes paid. The trial court erred in granting summary judgment for plaintiffs.

We reverse the order of the trial court and remand for entry of summary judgment for defendants.

Reversed and remanded.

Judges McCULLOUGH and LEVINSON concur.