NORTH CAROLINA DEPARTMENT OF REVENUE, Petitioner-Appellee v.
BERNHARD VON NICOLAI, Respondent-Appellant

NO. COA08-1356

(Filed 18 August 2009)

**1. Taxation— gift taxes—transfer of real property—reserved special power of appointment**

The Secretary of Revenue had the power to impose gift taxes on the property transfers in this case, at the Secretary's discretion, where respondent transferred real property to his daughter, the reservation of a special power of appointment served as a condition or contingency, and the reserved power gave respondent the ability to defeat or abridge his daughter's interests in the real property. The conditions of N.C.G.S. § 105-195 were satisfied.

**2. Taxation— gift tax—statute of limitations**

Even if respondent had preserved the issue for appeal, the superior court did not err by finding that the Department of Revenue did not violate the statute of limitations when it imposed a gift tax. The original return was filed on 15 April 2003 and any assessment issued by petitioner on or before 15 April 2006 would fall within the three-year statute of limitations. The original assessment was issued on 2 February 2005, and any amendment was timely because the original assessment was within the statute of limitations.

**3. Taxation— gift taxes—contingent real estate transfer—highest appropriate amount**

The trial court did not err by confirming the Department of Revenue's valuation of gift taxes due. The Secretary of Revenue did not abuse the statutory discretion to consider the facts and select the highest appropriate tax rate where respondent transferred land to his daughter with an option to defeat his daughter's interests in the land and convey it to charity or to his siblings. The Class B rate under N.C.G.S. § 105-188.1(f)(2) would apply if respondent conveyed the property to any of his siblings and would be the highest rate that could arise, as determined by the Secretary.

Appeal by Respondent from order entered 21 July 2008 by Judge James E. Hardin, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 22 April 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Michael D. Youth, for Petitioner-Appellee.*

*Craige Brawley Liipfert & Walker LLP, by Brent W. Stephens, for Respondent-Appellant.*

McGEE, Judge.

The North Carolina Department of Revenue (Petitioner) filed a petition on 9 November 2007 for judicial review of a Tax Review Board (TRB) decision that stated Bernhard von Nicolai (Respondent) was not required to pay gift taxes on real property he transferred to his daughter. In an order entered 21 July 2008, Superior Court Judge James E. Hardin, Jr. reversed the administrative decision of the TRB, finding that Respondent was required to pay gift taxes on the real property transfer. Respondent appeals.

Respondent owned six separate parcels of land located throughout Winston-Salem and Lewisville, North Carolina. Respondent gifted to his daughter, Maria von Nicolai (daughter), an unconditional one percent interest in parcels one through five on 31 May 2002. Respondent signed a deed transferring the remaining ninety-nine percent interest in parcels one through five to his daughter on 14 August 2002. Respondent made the transfer subject to what he termed a "reserved special power of appointment." This power gave Respondent the ability to transfer the real property, in part or in whole, from his daughter to any charity or to any of his siblings if he chose to do so in the future. Respondent then conveyed a one percent interest in the sixth parcel to his daughter on 14 November 2002. Respondent released the reserved special power of appointment for parcel number five on 22 November 2002. Respondent signed a deed transferring the remaining ninety-nine percent interest in the sixth parcel to his daughter on 26 November 2002, again reserving the same special power of appointment.

Respondent filed federal and North Carolina gift tax returns on 15 April 2003. The North Carolina gift tax return reported parcel number five as a completed gift, and reported the ninety-nine percent interest in parcels one through four and parcel six as incomplete gifts. The ninety-nine percent interest in the five parcels reported as incomplete gifts are the subject of this suit. Pursuant to N.C. Gen. Stat. § 105-188.1(c), Petitioner issued a tax assessment stating that the five parcels reported as incomplete gifts were, in fact, completed gifts. This assessment further stated the real property transfer was a Class

A gift and that gift taxes of $12,912.00, plus interest, were due. The lowest gift tax rate applies to a Class A beneficiary. Class A gifts are between a donor and "lineal issue, lineal ancestor, adopted child, or stepchild[.]" N.C. Gen Stat. § 105-188(f)(1) (2007). Respondent requested more information regarding the assessment, and received a letter on 8 April 2005 that stated it was Petitioner's opinion that the transaction was a completed gift.

A second assessment was issued to Respondent on 1 June 2005. This assessment stated that, when applying the $100,000.00 Class A gift exemption under N.C. Gen. Stat. § 105-188(g), a gift tax of $7,118.25, plus interest, was due on the transaction. A third and final assessment was issued on 27 January 2006. This assessment stated that, pursuant to N.C. Gen. Stat. § 105-195, a gift tax of $21,819.20, plus interest, was due on the transaction, as Petitioner had determined that the gift was actually a Class B gift, which did not qualify for the $100,000.00 Class A exemption. A Class B beneficiary is subject to a higher tax rate than a Class A beneficiary. Class B status exists when the "donee is the brother or sister, or descendant of the brother or sister, or is the uncle or aunt by blood of the donor." N.C. Gen. Stat. § 105-188(f)(2) (2007).

An administrative hearing was held before the Assistant Secretary of the Department of Revenue (Secretary) on 14 June 2006. The Secretary issued a final decision on 9 October 2006, affirming the third and final assessment of gift taxes in the amount of $21,819.20, plus interest. Respondent petitioned for a review by the TRB pursuant to N.C. Gen. Stat. § 105-241.2. The TRB issued Administrative Decision Number 507, which reversed the Secretary's final decision and found that no gift tax was due as of 21 July 2007. The superior court reversed the TRB decision on 21 July 2008, upholding the Secretary's third assessment that $21,819.20 in gift taxes was due on the transaction.

I.

[1] In his first two arguments, Respondent contends the superior court erred when it affirmed the Secretary's final decision that Respondent was required to pay gift taxes on the disputed land transfers based on N.C. Gen. Stat. § 105-195. We disagree.

"The standard of review for an appellate court upon an appeal from an order of the superior court affirming or reversing an administrative agency decision is the same standard of review as that employed by the superior court." *Dorsey v. UNC-Wilmington*, 122

N.C. App. 58, 62-63, 468 S.E.2d 557, 560 (1996). The instant case requires interpretation of the State's gift tax statutes. "Since this is a question of statutory interpretation, we will conduct a *de novo* review of the [superior] court's conclusions of law." *Downs v. State*, 159 N.C. App. 220, 222, 582 S.E.2d 638, 639 (2003).

Although it was repealed effective 1 January 2009, N.C. Gen. Stat. § 105-195 is the controlling gift tax statute for property transfers during the period at issue. According to N.C. Gen. Stat. § 105-195:

> When property is transferred or limited in trust or otherwise, and the rights or interests of the transferees or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended, or abridged, a tax shall be imposed upon said transfer at the highest rate, within the discretion of the Secretary of Revenue, which on the happening of any of the said contingencies or conditions would be possible under the provisions of this section, and such tax so imposed shall be due and payable forthwith by the donor, and the Secretary of Revenue shall assess the tax on such transfers.

N.C. Gen. Stat. § 105-195 (2007). "We believe the wording of the statute is unambiguous in that it gives the Secretary the discretion to assess a tax on the contingent transfer based on the potential happening of any of the possible contingencies." *Downs*, 159 N.C. App. at 223, 582 S.E.2d at 640. Further, "the Secretary must have sufficient discretion to assess a tax that is appropriate under the circumstances." *Id.* While the Secretary does not have absolute discretion, "[a]n interpretation by the Secretary is prima facie correct." N.C. Gen. Stat. § 105-264 (2007).

Respondent transferred a ninety-nine percent interest in each of five parcels of land to his daughter in 2002, reserving a special power of appointment for himself in each parcel. This special power of appointment granted Respondent the power to defeat or abridge his daughter's possession of the parcels and convey all or part of the real property to any charity or to any of Respondent's siblings. Respondent treated the transfer as an incomplete gift on his 2002 gift tax returns, and as a consequence, claimed no gift tax was due. The Secretary, acting on behalf of the North Carolina Department of Revenue, found that a gift tax was due on the transfer, and tax assessments were issued to Respondent.

Under N.C. Gen. Stat. § 105-195, a gift tax must be assessed when the following three requirements have been met: (1) property has

been transferred, (2) the rights or interests of the transferee are dependent upon contingencies or conditions, and (3) the interests of the transferee may be, wholly or in part, defeated or abridged. In the present case, Respondent met these requirements: (1) he transferred real property to his daughter, (2) Respondent's reserved special power of appointment served as a condition or contingency, and (3) the reserved power gave Respondent the ability to defeat or abridge his daughter's interests in the real property. With the conditions of this unambiguous statute met, we hold that the Secretary had the power to impose gift taxes on the property transfers at the Secretary's discretion, as such a tax was "appropriate under the circumstances." *Downs*, 159 N.C. App. at 223, 582 S.E.2d at 640. These arguments are without merit.

## II.

**[2]** In his third argument, Respondent argues the superior court erred when it found that Petitioner had not violated the statute of limitations. We disagree.

Respondent argues that "[t]he third assessment was issued within the three year statute of limitations; however, the Department's assertion that N.C.G.S. § 105-195 was the basis for the tax came after the statute of limitations had passed." "Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure states, in relevant part, '[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.' " *Clay v. Monroe*, 189 N.C. App. 482, 484, 658 S.E.2d 532, 534 (2008) (quoting N.C.R. App. P. 28(b)(6)(2007)); *see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008). Respondent's briefing of this issue is devoid of any legal argument, or relevant facts, in support of his contention that Petitioner's "assertion of its basis" for "the tax" is something that must be ultimately established before the statute of limitations ends. Because Respondent fails to state any reason or cite any authority in support of this argument, he has abandoned for appellate review the issue of whether "the Department's assertion that N.C.G.S. § 105-195 was the basis for the tax came after the statute of limitations had passed."

Because there is no factual dispute concerning whether the assessments were issued within the statute of limitations, our review is a question of statutory interpretation, and thus *de novo*. *Downs*, 159 N.C. App. at 222, 582 S.E.2d at 639. Regarding the statute of limita-

tions for tax assessments, N.C. Gen. Stat. § 105-241.1(e) (2006) states that "the Secretary must propose an assessment of any tax due within one year after the return is filed or within three years of when the original return was filed or due to be filed, whichever is later." Further, "[i]f the Secretary proposes an assessment of tax within the time provided in this section, the final assessment of the tax is timely." N.C.G.S. § 105-241.1(e).

Respondent originally filed his gift tax return on 15 April 2003. Petitioner issued the first tax assessment on 2 February 2005, followed by amendments to the assessment on 1 June 2005 and 27 January 2006. According to N.C. Gen. Stat. § 105-241.1(e), because the original return was filed on 15 April 2003, any assessment issued by Petitioner on or before 15 April 2006 would fall within the three-year statute of limitations. The original assessment was issued 2 February 2005 and was well within the statute of limitations, which would have expired 15 April 2006. Further, because the initial assessment was issued within the statute of limitations, any "final assessment of the tax [was] timely." N.C.G.S. § 105-241.1(e). Therefore, any amendment made to the original valid assessment was timely. Even assuming *arguendo* that Respondent had preserved his argument concerning the timeliness of Petitioner's statement of the "basis for the tax," Respondent's argument would still fail. Accordingly, we hold that the superior court did not err in its determination that Petitioner's final assessment did not violate the statute of limitations. This argument is without merit.

## III.

**[3]** In his final argument, Respondent contends that the superior court committed error when it affirmed Petitioner's valuation of the gift tax due. We disagree.

The method for valuation of a gift tax assessment is set forth in N.C. Gen. Stat. § 105-195. Once again, because the valuation was based on statutory interpretation, we review the superior court's determination *de novo*. With regard to tax valuations for gifts of property under N.C. Gen. Stat. § 105-195, our Court stated in *Downs*, 159 N.C. App. at 223, 582 S.E.2d at 640:

> The Secretary is not granted unlimited authority or discretion in assessing a tax, and a decision by the Secretary may be overturned upon an abuse of that discretion. The wording of the statute specifically permits the Secretary to assess a tax at the

highest possible rate that could arise upon the happening of any of the potential contingencies, but this decision is left to the discretion of the Secretary. Since the assessment of taxes on contingent transfers are heavily fact based, the Secretary must have sufficient discretion to assess a tax that is appropriate under the circumstances. The General Assembly declined to fashion a hard and fast rule for the consideration, valuation, and taxation of contingencies and left the assessment of such taxes to the Secretary's discretion.

Respondent's reserved special power of appointment provides him with the option to defeat his daughter's interests in the real property and to convey the parcels to charity or to any of his siblings. Under N.C. Gen. Stat. § 105-188.1(f)(2), if the donee is a sibling of the donor, the higher Class B tax rate may be assessed. Here, Respondent's daughter is the donee, and the lower Class A rate would apply only if Respondent was unable to defeat her interests. However, because Respondent has the option to defeat his daughter's interests and convey the real property to any of Respondent's siblings, Class A is not the highest rate available. Should Respondent act on his reserved power and convey the real property to any of his siblings, it would constitute a Class B gift. Therefore, the Class B tax rate is the "highest possible rate that could arise upon . . . any of the potential contingencies[.]" *Downs*, 159 N.C. App. at 223, 582 S.E.2s at 640. It was within the Secretary's discretion to consider all the facts and assess the highest possible tax rate "appropriate under the circumstances." *Id.* We hold that the Secretary has not abused the discretion granted by the statute, and therefore Petitioner's determination of the gift tax due is valid. This argument is without merit.

Affirmed.

Judges ERVIN and BEASLEY concur.