THE STATE OF NORTH CAROLINA v. EDWARD JASON STANLEY, Defendant

No. COA09-1263

(Filed 20 July 2010)

**Sexual Offenders— registry—parental exemption—stepfather**

The trial court erred by ordering that defendant's name be removed from the Sexual Offender and Public Protection Registry where defendant had been convicted of three counts of abducting children after taking an out-of-state trip with his wife and her three children in contravention of a custody order. Defendant was the father of two of the children and the stepparent but not the adoptive parent of the third. There was no allegation of sexual misconduct, but the definition of parent as a biological or adoptive parent best fits the intent of N.C.G.S. § 14-208.6(1i). As defendant was not a "parent" of the child at issue and has been convicted of a reportable conviction, the trial court erred by concluding that defendant was not subject to registry requirements.

Appeal by plaintiff from order entered on or about 20 May 2009 by Judge William R. Pittman in Superior Court, Guilford County. Heard in the Court of Appeals 25 February 2010.

*Attorney General Roy A. Cooper, III by Special Deputy Attorney General John J. Aldridge, III and Assistant Attorney General Ernest Michael Heavner, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellee.*

STROUD, Judge.

Defendant was convicted of three counts of abduction of children. Due to defendant's convictions, he was required to register on the Sexual Offender and Public Protection Registry. The trial court concluded that defendant did not have to register. As the trial court's order is in plain contravention of the law, we reverse and remand.

I. Background

On 30 April 2002, defendant was convicted for three counts of abduction of children pursuant to N.C. Gen. Stat. § 14-41; these convictions are not the subject of this appeal. However, the facts which

led to defendant's abduction convictions are relevant to an under-standing of the issues raised in this appeal. According to the attorneys' arguments before the trial court in the case before us, it was undisputed that defendant and his wife took her three children on a trip out of North Carolina in contravention of a custody order which granted custody to the children's maternal grandmother. Defendant considered all three children to be his, but was technically only the father of two of the children; defendant was not the biological or adoptive father of one of the children, though he was her stepparent at the time of the abduction. It appears that there was no allegation of any sexual misconduct by defendant against any of the three children during the abduction or at any other time. Despite his convictions for abduction, defendant failed to register on the Sexual Offender and Public Protection Registry ("registry").

On or about 1 October 2007, defendant was indicted for failing to register. On 10 December 2008, defendant filed a petition for removal from the registry and a motion to dismiss the criminal charge against him. On or about 20 May 2009, in response to defendant's petition and motion, the trial court dismissed the criminal charge against defendant and ordered that defendant's name be removed from the registry. The trial court based its order on its conclusion that two of the convictions for abduction of children stemmed from defendant's own children and defendant had "acted as" a parent to the third child, so defendant was not required to register. The State appeals.

## II. Registration

The State first contends that defendant "is subject to the requirements of the North Carolina Sex Offender and Public Protection Registration Programs." (Original in all caps.) The State argues that the fact that defendant "acted as" a parent to a child, as the trial court found, is not enough to exempt him from registration; the State contends defendant could only be exempt if he was actually a parent to his stepchild.

We review questions of statutory interpretation *de novo. See Downs v. State*, 159 N.C. App. 220, 222, 582 S.E.2d 638, 639 (2003), *aff'd per curiam*, 358 N.C. 213, 593 S.E.2d 763 (2004).

Statutory interpretation begins with the cardinal principle of statutory construction that the intent of the legislature is controlling. In ascertaining the legislative intent, courts should consider the language of the statute, the spirit of the statute, and what it

seeks to accomplish. Where the statutory language is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language.

*State v. McCravey,* —— N.C. App. ——, ——, 692 S.E.2d 409, 418 (2010) (citations, quotation marks, ellipses, and brackets omitted). N.C. Gen. Stat. § 14-208.7 provides that "[a] person who is a State resident and who has a reportable conviction shall be required to maintain registration with the sheriff of the county where the person resides." N.C. Gen. Stat. § 14-208.7(a) (2007). A "[r]eportable conviction" includes "[a] final conviction for an offense against a minor[.]" N.C. Gen. Stat. § 14-208.6(4)(a) (2007). An "[o]ffense against a minor" includes abduction of children pursuant to N.C. Gen. Stat. § 14-41, "if the offense is committed against a minor, and the person committing the offense *is not the minor's parent*[.]" N.C. Gen. Stat. § 14-208.6(1i) (2007) (emphasis added).

Although the term "parent" is not necessarily ambiguous or unclear, it is true that "parent" is not defined in Chapter 14 of our General Statutes and that there are varying definitions of "parent" for various purposes within the General Statutes, some of which even include "parent" as part of the definition of a person who may be considered as a "parent."[1] Thus, we must seek the definition of "parent" which is in accord with the General Assembly's intent and purpose for N.C. Gen. Stat. § 14-208.6(1i).

If the language is ambiguous or unclear, the reviewing court must construe the statute in an attempt not to defeat or impair the object of the statute if that can reasonably be done without doing violence to the legislative language. In so doing,

a court may look to other indicia of legislative will, including: the purposes appearing from the statute taken as a whole, the

---

1. *See, e.g.,* N.C. Gen. Stat. §§ 115C-391(d5) (2009) (identifying the persons who must receive notice of a student's recommended suspension or expulsion from school: "For the purposes of this subsection, the word 'parent' shall mean parent, guardian, caregiver, or other person legally responsible for the student"); 115C-106.3(14) (2007) (regarding education of children with disabilities: "The following definitions apply in this Article . . . 'Parent' means: a. A natural, adoptive, or foster parent; b. A guardian, but not the State if the child is a ward of the State; c. An individual acting in the place of a natural or adoptive parent, including a grandparent, stepparent, or other relative, and with whom the child lives; d. An individual who is legally responsible for the child's welfare; or e. A surrogate if one is appointed under G.S. 115C-109.2"); 130A-440.1(h) (2007) (dealing with early childhood vision care: "As used in this section, the term 'parent' means the parent, guardian, or person standing in loco parentis").

phraseology, the words ordinary or technical, the law as it prevailed before the statute, the mischief to be remedied, the remedy, the end to be accomplished, statutes in pari materia, the preamble, the title, and other like means. Statutory provisions must be read in context, and those dealing with the same subject matter must be construed in pari materia, as together constituting one law, and harmonized to give effect to each.

*Trayford v. N.C. Psychology Bd.*, 174 N.C. App. 118, 123, 619 S.E.2d 862, 865 (2005) (citations, quotation marks, ellipses, and brackets omitted), *aff'd per curiam*, 360 N.C. 396, 627 S.E.2d 462 (2006).

Black's Law Dictionary defines a "parent" as "[t]he lawful father or mother of someone." Black's Law Dictionary 1222 (9th ed. 2004). "Parent" has also been defined in essentially the same way in various statutes. *See, e.g.*, N.C. Gen. Stat. §§ 51-2.2 (2007) (As used in this Article, the terms " 'parent,' 'father,' or 'mother' includes one who has become a parent, father, or mother, respectively, by adoption."); 108A-24(4b) (2007) (" 'Parent' means biological parent or adoptive parent[.]"). Thus, a "parent" pursuant to N.C. Gen. Stat. §§ 51-2.2 and 108A-24(4b) is a biological or adoptive parent, mother or father, of a child. *See* N.C. Gen. Stat. §§ 51-2.2; 108A-24(4b); *see also* Black's Law Dictionary 1222. We believe that the definition of a parent as a biological or adoptive parent best fits the intent and purposes of N.C. Gen. Stat. § 14-208.6(1i) (2007). Defendant was not a "parent" of the child at issue because he was not the biological father or the adoptive father of the child.

Although we fully appreciate the logic and common sense of defendant's argument, that taking his stepchild, along with his wife, the stepchild's mother, should not be considered as a "reportable offense" leading to registration, we are unable to interpret N.C. Gen. Stat. § 14-208.6(1i) in any other way based upon the plain language of the statute and its history. *See* N.C. Gen. Stat. § 14-208.6(1i). The legislative history of N.C. Gen. Stat. § 14-208.6(1i) indicates an intent to limit the exemption from registration strictly to a parent only and not to permit the exemption even for one who has legal custody of a child. *Compare* N.C. Gen. Stat. §§ 14-208.6(1d) (1997), (1999). Although N.C. Gen. Stat. § 14-208.6 once permitted an exception from registration for the "legal custodian" of a child, the General Assembly later eliminated this exception.[2] *See id.* In 1997, N.C. Gen.

_____

2. "Legal custodian" also has no definition within Chapter 14. The only statutory definition of "legal custodian" we are aware of is in Chapter 115C of the General Statutes, dealing with admission and assignment of elementary and secondary stu-

Stat. § 14-208.6(1d) provided that an "[o]ffense against a minor" included an "offense . . . committed against a minor, and the person committing the offense is not the minor's parent or legal custodian[.]" *See* N.C. Gen. Stat. § 14-208.6(1d) (1997). However, by 1999, the General Assembly had amended N.C. Gen. Stat. § 14-208.6(1d), removing the words "or legal custodian" and leaving status as a "parent" as the only basis for exception under this statute. *See* N.C. Gen. Stat. § 14-208.6(1d) (1999). As noted above, we also are aware that throughout our General Statutes, the term "parent" has been defined in different ways for various purposes, and the definition is often limited to the purpose of the particular statute, *see, e.g.*, N.C. Gen. Stat. §§ 115C-391(d5) (2009); -106.3(14) (2007); 130A-440.1(h) (2007); however, due to the Legislature's decision to remove "legal custodian" from the language of N.C. Gen. Stat. § 14-208.6(1d), currently N.C. Gen. Stat. § 14-208.6(1i), which narrowed the exception to only a "parent[,]" we cannot adopt a broad interpretation of the term "parent" which could include legal custodians such as guardians or foster parents. If we cannot include a person with legally sanctioned custody of a child within the definition of "parent," we certainly cannot include a person with an informal status such as caregiver or one standing *in loco parentis*.

As defendant was not a "parent" of the child at issue and has been convicted of a reportable conviction, the trial court erred in concluding defendant's name should be removed from the registry and that defendant is not subject to the registry requirements. *See* N.C. Gen. Stat. § 14-208.7(a). Although we understand the trial court's rationale and agree that the plain reading of the statute creates a result in this case which we would hope was probably not intended by the General Assembly, we are constrained to reverse the trial court's order.

### III. Conclusion

In conclusion, we reverse the trial court order removing defendant's name from the registry, declaring that defendant is not subject to registry requirements, and dismissing the criminal charge against defendant for failure to register. We remand this case for further proceedings in accordance with this opinion.

---

dents, where "legal custodian" means "[t]he person or agency that has been awarded legal custody of the student by a court." N.C. Gen. Stat. § 115C-366(h)(6) (2007). A "legal custodian" of a child would almost certainly be "act[ing] as" a parent to a child, with legal sanction of the court's authority.

REVERSED AND REMANDED.

Judges ELMORE and JACKSON concur.