ROBBIN LYNN TAYLOR v. MICHELLE ANN BRINKMAN AND THOMAS WALTER BRINKMAN

No. 9114SC921

(Filed 2 February 1993)

1. **Appeal and Error § 119 (NCI4th)— summary judgment granted—not a final disposition of all claims—substantial right prejudiced**

    The granting of a summary judgment motion which was not a final disposition of all claims in an automobile collision was immediately appealable where defendant Brinkman's negligence was a fundamental issue in plaintiff Taylor's claim against Brinkman and her imputed negligence claim against Brinkman's father. Taylor must seek to prove Brinkman's negligence in her case against Brinkman's father and, if summary judgment against Brinkman is later reversed, could again have to prove Brinkman's negligence in her action against Brinkman. A substantial right would be prejudiced because dismissal of this appeal could result in two trials on the same issues and create the possibility of inconsistent verdicts.

    **Am Jur 2d, Appeal and Error § 104.**

2. **Rules of Civil Procedure § 4 (NCI3d)— service of process— Rule 4(j2)(2)—default judgment not sought—60 day saving provision not applicable**

    A complaint arising from an automobile accident was filed outside the statute of limitations and was correctly dismissed where an order extending the time to file was granted one day before the three year statute of limitations would have run; the complaint, filed on the last day of the extension, was against Brinkman and Brinkman's father; plaintiff attempted to serve both parties by sending copies of the complaint in separate envelopes by certified mail, return receipt requested, to Brinkman's father's address; Brinkman's father's signature appears on both receipts; plaintiff did not know that Brinkman's father and mother were separated at the time; Brinkman was living with her mother at another address and had never lived at the address where service was attempted; service upon her was declared invalid; an alias and pluries summons was served on her by certified mail in Georgia; her answer raised

the statute of limitations; and summary judgment was granted for her. The sixty day saving provision of N.C.G.S. § 1A-1, Rule 4(j2)(2) was not applicable because plaintiff was not seeking the imposition of a judgment by default.

**Am Jur 2d, Process §§ 117, 227.**

Appeal by plaintiff from judgment entered 16 May 1991 in Durham County Superior Court by Judge Henry V. Barnette, Jr. Heard in the Court of Appeals 23 September 1992.

*Clayton, Myrick, McClanahan & Coulter, by Robert D. McClanahan and Gregory L. Hughes, for plaintiff-appellant.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by James H. Johnson, III and Andrew T. Landauer, for defendant-appellees.*

GREENE, Judge.

In this civil action Robbin Lynn Taylor (Taylor) seeks to recover damages from Michelle Ann Brinkman (Brinkman) and her father, Thomas Walter Brinkman (Brinkman's father), for injuries sustained in an automobile accident. The trial court entered summary judgment in favor of Brinkman on the ground that the statute of limitation barred Taylor's action against Brinkman. Taylor appeals.

This action arose when an automobile driven by Brinkman collided with an automobile in which Taylor was a passenger on 17 May 1986. The automobile was owned by Brinkman's father. Taylor sustained serious injuries in the accident. On 16 May 1989, one day before the three-year statute of limitation would have run under N.C.G.S. § 1-52(16), Taylor was granted an order extending the time in which to file her complaint until 5 June 1989. Taylor filed a complaint against Brinkman on 5 June 1989, alleging that Brinkman was negligent in her operation of the vehicle, and against Brinkman's father, alleging that the vehicle was being operated under the family purpose doctrine and Brinkman's alleged negligence could therefore be imputed to Brinkman's father. Taylor attempted to serve both parties on 5 June 1989 by mailing copies of the complaint in separate envelopes, certified mail with return receipt requested, to Brinkman's father's address. Brinkman's father's signature appears on the receipts for both himself and his daughter. Unknown to Taylor, at the time the complaint was mailed Brinkman's

father and mother were separated and Brinkman was living with her mother at another address. Brinkman had never resided at her father's address where service of process by certified mail was attempted. Upon motion by Brinkman, service of process as to her was declared invalid by Judge F. Gordon Battle on 20 August 1990 pursuant to N.C.G.S. § 1A-1, Rule 12(b)(5). No appeal was taken from this order.

On 20 September 1990, an "Alias and Pluries" summons was issued as to Brinkman and was served on her by certified mail, return receipt requested, in Smyrna, Georgia. Brinkman signed the return receipt on 27 September 1990. In her answer, Brinkman pleaded the affirmative defense that the action against her was barred by the three-year statute of limitation. Brinkman's motion for summary judgment was granted by Judge Henry V. Barnette, Jr. on 16 May 1991.

---

The issues presented are (I) whether the appeal must be dismissed as interlocutory; and (II) if not, whether the benefit of the sixty-day saving provision arising pursuant to N.C.G.S. § 1A-1, Rule 4(j2)(2) is limited to parties seeking a default judgment.

I

[1] The trial court's summary judgment was a final disposition of Taylor's claims against Brinkman, but Taylor's claims against Brinkman's father were not adjudicated. The trial court's summary judgment is therefore an interlocutory order because it does not determine the entire controversy between all the parties. *Veazey v. City of Durham,* 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). An interlocutory order is generally not appealable. *Love v. Moore,* 305 N.C. 575, 578, 291 S.E.2d 141, 144 (1982). Two avenues do exist, however, whereby an interlocutory order may be appealed. *Baker v. Rushing,* 104 N.C. App. 240, 245, 409 S.E.2d 108, 110 (1991). First, if there has been a final disposition as to one or more but fewer than all of the claims or parties in a case, the trial judge may certify that there is no just reason to delay appeal. N.C.G.S. § 1A-1, Rule 54(b) (1990). If the judge expressly so certifies, immediate appeal is available. *Brown v. Brown,* 77 N.C. App. 206, 207, 334 S.E.2d 506, 507-08 (1985), *disc. rev. denied,* 315 N.C. 389, 338 S.E.2d 878 (1986). Here the trial court did not make a certification, so no appeal is available under Rule 54(b). Second, an interlocutory order not appealable under Rule 54(b) may nevertheless

be appealed pursuant to N.C.G.S. § 1-277 and N.C.G.S. § 7A-27(d). *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 5, 362 S.E.2d 812, 815 (1987). The most common reason for permitting immediate appeal of an interlocutory order under these statutes is the prejudice of a substantial right of the appellant if appeal is delayed. *Davidson v. Knauff Ins. Agency, Inc.*, 93 N.C. App. 20, 24, 376 S.E.2d 488, 490, *disc. rev. denied*, 324 N.C. 577, 381 S.E.2d 772 (1989).

Our Supreme Court has held that the right to avoid the possibility of two trials on the same issues is a substantial right that may support immediate appeal under N.C.G.S. § 1-277 and N.C.G.S. § 7A-27(d). *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982). In the instant case, Brinkman's negligence is a fundamental issue in both Taylor's claim against Brinkman and her imputed negligence claim against Brinkman's father. Identical factual issues are present in both claims. If summary judgment for Brinkman stands, Taylor's only remaining claim is against Brinkman's father. Taylor must seek to prove Brinkman's negligence in her case against Brinkman's father. If, at a later time, summary judgment in favor of Brinkman is reversed, Taylor must again seek to prove Brinkman's negligence in her action against Brinkman. Because our dismissal of this appeal could result in two different trials on the same issues, thereby creating the possibility of inconsistent verdicts, a substantial right is prejudiced and the summary judgment is immediately appealable.

II

[2] The parties do not dispute that the "Alias and Pluries" summons issued along with the complaint on 20 September 1990 was timely served on Brinkman by certified mail on 27 September 1990. It is also not disputed that because the issuance of the "Alias and Pluries" summons did not occur within ninety days after the issuance of the first summons, the action was deemed filed on the date of the "Alias and Pluries" summons. *See Long v. Fink*, 80 N.C. App. 482, 485, 342 S.E.2d 557, 559-60 (1986). Furthermore, because this action accrued on 17 May 1986, its filing in September, 1990 is outside the applicable three-year statute of limitation. Nonetheless, Taylor argues that because the action was initially commenced on 16 May 1989, which was within the period of limitation, and because proper service was had on Brinkman "within 60 days from the date the service [on Brinkman was] declared

invalid" by Judge Battle, N.C.G.S. § 1A-1, Rule 4(j2)(2) precludes Brinkman from pleading the statute of limitation. N.C.G.S. § 1A-1, Rule 4(j2)(2) (1990). We disagree.

With two exceptions, service of process attempted by registered or certified mail, as permitted by N.C.G.S. § 1A-1, Rule 4(j)(1)(c), is "complete on the day the summons and complaint are delivered to the address thereon." *Lynch v. Lynch*, 303 N.C. 367, 370, 279 S.E.2d 840, 843 (1981). The two exceptions occur when the plaintiff seeks a judgment by default and when the defendant appears in the action and challenges the service. *Lynch*, 303 N.C. at 370, 279 S.E.2d at 843. In these two situations, the plaintiff is required to show proof of service by filing with the court an affidavit consistent with N.C.G.S. § 1-75.10(4). *Id.*; N.C.G.S. § 1-75.11 (1990); N.C.G.S. § 1A-1, Rule 4(j2)(2) (1990). The filing of an affidavit consistent with N.C.G.S. § 1-75.10(4) raises a rebuttable presumption of valid service consistent with N.C.G.S. § 1A-1, Rule 4(j)(1)(c). *Lewis Clarke Assocs. v. Tobler*, 32 N.C. App. 435, 438, 232 S.E.2d 458, 459, *disc. rev. denied*, 292 N.C. 641, 235 S.E.2d 60 (1977); N.C.G.S. § 1A-1, Rule 4(j2)(2) (1990). If the plaintiff, in seeking judgment by default, presents an affidavit giving rise to the presumption of valid service and this presumption is later rebutted, "the statute of limitation may not be pleaded as a defense if the action was initially commenced within the period of limitation and service of process is completed within 60 days from the date the service is declared invalid." N.C.G.S. § 1A-1, Rule 4(j2)(2) (1990); W. Brian Howell, *Howell's Shuford North Carolina Civil Practice and Procedure* § 4-12 (4th ed. 1992).

Because Taylor was not seeking the imposition of a judgment by default, the sixty-day saving provision of Rule 4(j2)(2) was not applicable. Therefore, Taylor's complaint was filed outside the statute of limitation and was correctly dismissed by Judge Barnette by summary judgment.

Affirmed.

Judges WELLS and ORR concur.