MATTHEW DOUGLAS STINCHCOMB, Plaintiff v. PRESBYTERIAN MEDICAL CARE CORP., THE PRESBYTERIAN HOSPITAL, PRESBYTERIAN ORTHOPAEDIC HOSPITAL, LLC, NOVANT HEALTH, INC., NOVANT HEALTH SOUTHERN PIEDMONT REGION, LLC, ORTHOCAROLINA, P.A., CHARLOTTE ORTHOPEDIC SPECIALISTS, P.A., CRAIG D. BRIGHAM, M.D., LORRAINE WILLIAMS, L.P.N., TONYA DAVIS, R.N., KITTISHA A/K/A "KITTY" MILLS, R.N., PAGE LANDRUM, R.N., KATHRYN BAXTER, R.N., AND MAURA HUFFMAN, R.N., Defendants

Nos. COA10-478 and COA10-843

(Filed 3 May 2011)

## 1. Interlocutory orders and apeal—certified by trial court— immediately reviewable

Plaintiff's appeal from the trial court's order in a medical malpractice case which was only final as to some of the parties was immediately reviewable as the trial court properly certified the appeal pursuant to Rule 54(b).

## 2. Statutes of Limitation and Repose— medical malpractice —complaint filed after expiration of statute of limitations—summonses not timely issued

The trial court did not err in a medical malpractice action by granting defendants' motions to dismiss for plaintiff's failure to comply with the statute of limitations. Because the statute of limitations expired the day after plaintiff filed his complaint, and plaintiff failed to issue timely summonses to defendants, plaintiff failed to commence his action against defendants within the statute of limitations.

## 3. Pretrial Proceedings— motion to amend summonses— motion to enlarge time to issue summonses—material prejudice—denial not abuse of discretion

The trial court did not abuse its discretion in a medical malpractice action by denying plaintiff's Motion to Amend Summonses and/or in the Alternative to Enlarge Time to Issue Summonses. Defendants would have suffered material prejudice had the trial court granted plaintiff's motion or motions.

## 4. Medical Malpractice— motion to stay proceedings—not addressed

Plaintiff's contention that the trial court erred in a medical malpractice action by denying his motion to stay proceedings against the nurse defendants was not addressed in light of the

Court of Appeals' determination that plaintiff's appeal from the dismissal of other defendants lacked merit.

Appeal by Plaintiff from orders entered 29 December 2009 by Judge Eric L. Levinson and 18 March 2010 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 December 2010.

> *Ellis & Winters LLP, by J. Donald Cowan, Jr., and Charles G. Monnett III & Associates, by Randall J. Phillips and Charles G. Monnett, III, for Plaintiff.*

> *Lincoln Derr, PLLC, by Sara R. Lincoln and Shannon Sumerell Spainhour, for Defendants OrthoCarolina, P.A., Charlotte Orthopedic Specialists, P.A., and Craig D. Brigham, M.D.*

> *Shumaker, Loop & Kendrick, LLP, by Scott M. Stevenson, John D. Kocher, and Christian H. Staples, for Defendants Presbyterian Medical Care Corp., The Presbyterian Hospital, Presbyterian Orthopaedic Hospital, Novant Health, Inc., Novant Health Southern Piedmont, LLC, Tonya Davis, R.N., Maura Huffman, R.N., Page Landrum, R.N., and Lorraine Williams, L.P.N.*

> *Yates, McLamb & Weyher, L.L.P., by Barry S. Cobb and Katherine E. Fisher, for Defendant Kathryn Baxter, R.N.*

> *Carruthers & Bailey, P.A., by J. Dennis Bailey and Jessica Harris Telligman, for Defendant Kittisha Mills, R.N.*

STEPHENS, Judge.

## I. Factual Background

Plaintiff Matthew Stinchcomb is a former professional football player most recently of the National Football League team, the Tampa Bay Buccaneers. On 18 October 2005, Defendant Dr. Craig D. Brigham performed lumbar disc surgery on Plaintiff. During the surgery, Plaintiff's dura was injured in what is termed an incidental durotomy. Due to repairs required to correct the incidental durotomy, Plaintiff's surgery took longer than anticipated and Plaintiff was under general anesthesia for longer than he would have been had there been no such injury. In addition, the incidental durotomy left Plaintiff unable to ambulate post-operatively as quickly as had been expected before the surgery.

STINCHCOMB v. PRESBYTERIAN MED. CARE CORP.

[211 N.C. App. 556 (2011)]

While still in the hospital, Plaintiff complained of symptoms consistent with development of venous thromboembolism, a known complication of the lumbar disc surgery. Despite these complaints, he was released from the hospital's care on 20 October 2005. He thereupon returned to Florida. On 24 October 2005, Plaintiff was admitted to a hospital in Tampa, Florida where he was diagnosed with a pulmonary embolus. As a result of his injuries, Plaintiff alleges that he sustained substantial damages.

## II. Procedural History

On 17 October 2008, Plaintiff filed a Motion to Extend the Statute of Limitations in a Medical Malpractice Action by 120 days pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure. On 17 October 2008, the superior court granted Plaintiff's motion and extended the statute of limitations on Plaintiff's medical malpractice action through 17 February 2009.

Also on 17 October 2008, Plaintiff had summonses issued for each of the following defendants: Presbyterian Medical Care Corp., The Presbyterian Hospital, Presbyterian Orthopaedic Hospital, LLC, Novant Health, Inc., Novant Health Southern Piedmont Region, LLC (collectively, the "Presbyterian and Novant Defendants"), OrthoCarolina, P.A., Charlotte Orthopedic Specialists, P.A., and Craig D. Brigham, M.D. (collectively, the "OrthoCarolina Defendants"). Neither the order extending the statute of limitations nor the summonses were served on any of the defendants.

On 29 December 2008, Plaintiff had *alias* and *pluries* summonses issued for each of the Presbyterian and Novant Defendants and the OrthoCarolina Defendants (together, "Defendants"). The *alias* and *pluries* summonses referenced the original 17 October 2008 summonses.

On 16 February 2009, Plaintiff filed his complaint. Copies of the complaint and the *alias* and *pluries* summonses were sent via certified mail to each of the Defendants and received by them on 23 February 2009. As for Dr. Brigham, an individual physician named as a defendant in the lawsuit, the complaint and an *alias* and *pluries* summons were sent in "care of" the registered agent for OrthoCarolina, Robert McBride, M.D., at OrthoCarolina's corporate headquarters' address. In addition to Defendants, Plaintiff added the following individuals as defendants: Lorraine Williams, L.P.N., Tonya Davis, R.N., Kittisha a/k/a/ "Kitty" Mills, R.N., Page Landrum, R.N., Kathryn Baxter, R.N., and Maura Huffman, R.N. (collectively, the

STINCHCOMB v. PRESBYTERIAN MED. CARE CORP.

[211 N.C. App. 556 (2011)]

"Nurse Defendants"). Summonses were issued for the Nurse Defendants on 16 February 2009.

The OrthoCarolina Defendants and the Presbyterian and Novant Defendants, on 22 and 24 April 2009, respectively, filed answers and motions to dismiss citing Rules 12(b)(2),(4),(5), and (6) of the North Carolina Rules of Civil Procedure.

On 8 October 2009, the motions to dismiss came on for hearing before Judge Eric L. Levinson, who reviewed the Mecklenburg County Superior Court video record of the oral argument presented to the Honorable Robert P. Johnston on 9 July 2009,[1] the materials submitted to the court and in the court file, and the pertinent case law. On 19 November 2009, Plaintiff filed a Motion to Amend Summonses and/or in the Alternative to Enlarge Time to Issue Summonses. On 29 December 2009, the trial court entered an order finding "that the action was not commenced within the limitations period as to these Defendants" and, therefore, granting the OrthoCarolina Defendants' and the Presbyterian and Novant Defendants' motions to dismiss. The trial court also denied Plaintiff's Motion to Amend Summonses and/or in the Alternative to Enlarge Time to Issue Summonses.

Pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), the trial court certified "that this is a final judgment as to these Defendants, and there is no just reason to delay appellate review should the Plaintiff seek an interlocutory appeal." Plaintiff filed notice of appeal on 22 January 2010.

On 25 February 2010, Plaintiff filed a Motion for Stay of Proceedings Pending Appeal seeking to stay the proceedings as to the Nurse Defendants, who were not dismissed by the 29 December 2009 order. Following a hearing before the Honorable Richard D. Boner on 4 March 2010, the trial court denied Plaintiff's Motion for Stay on 15 March 2010. Plaintiff filed notice of appeal on 24 March 2010.

On 29 July 2010, Plaintiff moved to consolidate the appeals from the 29 December 2009 and 15 March 2010 orders. On 13 August 2010, this Court entered an order consolidating the appeals for review.

---

1. Judge Johnston heard oral argument on Defendants' motions on 9 July 2009, but took a leave of absence before he could issue a ruling. Counsel for Plaintiff and Defendants consented to having another superior court judge review the videotape of the oral argument presented to Judge Johnston and then rule on the motions.

### III. Discussion

#### A. Order Granting Defendants' Motions to Dismiss

##### 1. Grounds for Appellate Review

[1] As a threshold issue, we must determine whether the trial court's order granting Defendants' motions to dismiss is immediately appealable. An order which does not dispose of all claims as to all parties in an action is interlocutory. *Cunningham v. Brown*, 51 N.C. App. 264, 267, 276 S.E.2d 718, 722 (1981). Ordinarily, there is no right of appeal from an interlocutory order. *CBP Resources, Inc. v. Mountaire Farms, Inc.*, 134 N.C. App. 169, 170, 517 S.E.2d 151, 153 (1999). However, an interlocutory order may be immediately appealed "(1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C. R. Civ. P. 54(b) or (2) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *Id.* at 171, 517 S.E.2d at 153 (citations and quotation marks omitted).

"When an appeal is from an order that is final as to one party, but not all, and the trial court has certified the matter under Rule 54(b), this Court must review the issue." *Signature Dev., LLC v. Sandler Commer. at Union, L.L.C.*, ―― N.C. App. ――, ――, 701 S.E.2d 300, 305 (2010) (citing *James River Equip., Inc. v. Tharpe's Excavating, Inc.*, 179 N.C. App. 336, 340, 634 S.E.2d 548, 552, *disc. review denied and appeal dismissed*, 361 N.C. 167, 639 S.E.2d 650 (2006)). In this case, the trial court certified that the 29 December 2009 order "is a final judgment as to these Defendants, and there is no just reason to delay appellate review should the Plaintiff seek an interlocutory appeal." As this appeal is from an order which is final as to some of the parties, and the trial court has properly certified the appeal pursuant to Rule 54(b), we must review the issue.

##### 2. Statute of Limitations

[2] Plaintiff first argues that the trial court erred by granting Defendants' motions to dismiss for Plaintiff's failure to comply with the statute of limitations. We disagree.

Where, as here, there is no dispute over the relevant facts, the trial court's interpretation of a statute of limitations is a conclusion of law that is reviewed *de novo* on appeal. *N.C. Dep't of Revenue v. Von Nicolai*, 199 N.C. App. 274, 277, 681 S.E.2d 431, 433 (2009).

In a medical malpractice action, a plaintiff's claim accrues upon the occurrence of the last act of the defendant giving rise to the claim. N.C. Gen. Stat. § 1-15(c) (2009).[2] The plaintiff then has three years from that date to commence the action. *Id.*; N.C. Gen. Stat. § 1-52(16) (2009). However, N.C. Gen. Stat. § 1A-1, Rule 9(j) provides that in a medical malpractice action, upon motion by the plaintiff prior to the expiration of the original statute of limitations, the time for filing the complaint may be extended for a period not exceeding 120 days. N.C. Gen. Stat. § 1A-1, Rule 9(j) (2009).

Pursuant to Rule 3 of the North Carolina Rules of Civil Procedure, "[a] civil action may be commenced by filing a complaint with the court." N.C. Gen. Stat. § 1A-1, Rule 3(a) (2009). "Upon the filing of the complaint, summons shall be issued forthwith,[3] and in any event within five days. . . . A summons is issued when, after being filled out and dated, it is signed by the officer having authority to do so." N.C. Gen. Stat. § 1A-1, Rule 4(a) (2009). Rule 4(a) "contemplates the continuance of the present practice of ordinarily having summons issue simultaneously with the filing of the complaint. The five-day period was inserted to mark the outer limits of tolerance in respect to delay in issuing the summons." N.C. Gen. Stat. § 1A-1, Rule 4(a) cmts. "Where a complaint has been filed and a proper summons does not issue within the five days allowed under the rule, the action is deemed never to have commenced." *Cnty. of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984).

A civil action also may be commenced by the issuance of a summons when

(1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and

(2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

---

2. The provisions of this statute pertaining to discovery of the injury are not at issue in this case.

3. " 'Forthwith' is defined by Webster as 'Immediately; without delay, hence, within a reasonable time; promptly and with reasonable dispatch.' *Webster's New Int. Dic.*, 2d ed. Brown, J., in interpreting the meaning of the words 'immediately' and 'forthwith,' said in *Claus v. Lee*, 140 N.C. 552: 'Such terms never mean the absolute exclusion of any interval of time, but mean only that no unreasonable length of time shall intervene before performance.' " *State v. Ball*, 255 N.C. 351, 352, 121 S.E.2d 604, 605 (1961).

The summons and the court's order shall be served in accordance with the provisions of Rule 4. When the complaint is filed it shall be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If the complaint is not filed within the period specified in the clerk's order, the action shall abate.

N.C. Gen. Stat. § 1A-1, Rule 3.

It is well settled that the "summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court." *Childress v. Forsyth Cnty. Hosp. Auth., Inc.*, 70 N.C. App. 281, 285, 319 S.E.2d 329, 332 (1984) (citation omitted), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 484 (1985). "The purpose of a summons is to give notice to a person to appear at a certain place and time to answer a complaint against him." *Latham v. Cherry*, 111 N.C. App. 871, 874, 433 S.E.2d 478, 481 (1993), *cert. denied*, 335 N.C. 556, 441 S.E.2d 116 (1994). "In order for a summons to serve as proper notification, it must be issued and served in the manner prescribed by statute." *Id.*

In this case, the last act of alleged negligence occurred on or about 18 October 2005 and the applicable statute of limitations would ordinarily have expired on or about 18 October 2008. On 17 October 2008, Plaintiff timely obtained an order extending the statute of limitations up to and including 17 February 2009. Also on 17 October 2008, summonses were issued for Defendants. Neither the order extending the statute of limitations nor the summonses were served on Defendants. On 29 December 2008, Plaintiff had *alias* and *pluries* summonses issued for Defendants. The *alias* and *pluries* summonses referenced the 17 October 2008 summonses. On 16 February 2009, Plaintiff filed his complaint. Copies of the complaint and the *alias* and *pluries* summonses were sent via certified mail to Defendants and received by them on 23 February 2009. These procedural facts are undisputed.

The original summonses were issued on 17 October 2008, approximately three months *before* Plaintiff filed his complaint on 16 February 2009. Thus, the summonses were insufficient to comply with the Rule 4(a) requirement that summons shall be issued "forthwith, and in any event within five days," "[u]pon the filing of the complaint[.]" N.C. Gen. Stat. § 1A-1, Rule 4(a). As Plaintiff concedes in his brief,

[t]he plain language of Rule 4 clearly provides that summons must be issued five days *after* the filing of a complaint. N.C. Gen. Stat. § 1A-1, Rule 4(a); *Roshelli v. Sperry*, 57 N.C. App. 305, 308,

291 S.E.2d 355, 357 (1982) (explaining that if summons is not issued by the clerk within five days after the filing of the complaint, the action abates).

Because Plaintiff's complaint was filed but proper summons did not issue "within the five days allowed under the rule, the action is deemed never to have commenced." *Williams*, 72 N.C. App. at 157, 323 S.E.2d at 461.

Furthermore, Plaintiff did not apply to the court under Rule 3 requesting permission to file his complaint within 20 days of issuing the summonses on 17 October 2008, and no order granting Plaintiff such permission was entered. Additionally, Plaintiff's complaint, filed 16 February 2009, was not filed within 20 days of the issuance of the summonses on 17 October 2008. Accordingly, Plaintiff did not commence this action against the Defendants by issuance of the 17 October 2008 summonses.

Plaintiff asserts that had he caused new summonses to be issued at the time of the filing of his complaint, his "original action" would have been discontinued and his action would no longer have been filed within the statute of limitations. Plaintiff's argument is misguided. No "original action" was commenced with the issuance of the summonses on 17 October 2008, as explained *supra*. Moreover, had Plaintiff caused new summonses to be issued upon the filing of his complaint, the action would have properly "commenced" within the statute of limitations, as extended to 17 February 2009 by the trial court's Rule 9(j) order.

Plaintiff also argues extensively that he "kept the lawsuit alive" by issuing the *alias* and *pluries* summonses on 29 December 2008, based on the 17 October 2008 summonses, within the 90-day time limit set forth in Rule 4(d).[4] Plaintiff's argument is again misguided. As explained *supra*, the lawsuit was not commenced with the issuance of the 17 October 2008 summonses and, thus, there was no lawsuit for the *alias* and *pluries* summonses to "ke[ep] alive."

Because the statute of limitations expired the day after Plaintiff filed his complaint, and Plaintiff failed to issue timely summonses to

---

4. "When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by . . . sue[ing] out an *alias* or *pluries* summons returnable in the same manner as the original process. Such *alias* or *pluries* summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement." N.C. Gen. Stat. § 1A-1, Rule 4(d) (2009).

Defendants, Plaintiff failed to commence his action against the Defendants within the statute of limitations. Accordingly, the trial court did not err in granting Defendants' motions to dismiss.

### 3. Motion to Amend Summonses and/or Enlarge Time

**[3]** Plaintiff next argues that the trial court abused its discretion in denying his Motion to Amend Summonses and/or in the Alternative to Enlarge Time to Issue Summonses. We disagree.

Pursuant to the North Carolina Rules of Civil Procedure, "[a]t any time, before or after judgment, in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued." N.C. Gen. Stat. § 1A-1, Rule 4(i) (2009). Additionally, "[w]hen . . . an act is required or allowed to be done at or within a specified time, . . . [u]pon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect." N.C. Gen. Stat. § 1A-1, Rule 6(b) (2009). A judgment or order rendered by a trial court in the exercise of a discretionary power is not reviewable on appeal, unless there has been an abuse of discretion on the trial court's part. *State Hwy. Comm'n v. Hemphill*, 269 N.C. 535, 537, 153 S.E.2d 22, 25 (1967). "An abuse of discretion occurs only when a court makes a patently arbitrary decision, manifestly unsupported by reason." *Buford v. General Motors Corp.*, 339 N.C. 396, 406, 451 S.E.2d 293, 298 (1994).

In this case, had the trial court permitted Plaintiff to issue valid summonses or to amend the void summonses many months afer the statute of limitations had expired, Defendants would have been required to defend a lawsuit which otherwise would have expired. "[S]tatutes of limitations[] necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a [statute of limitations] is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101, 85 L. Ed. 2d 64, 80 (1985). As Defendants would have suffered material prejudice had the trial court granted Plaintiff's motion or motions, we cannot conclude that the trial court abused its discretion in denying the motions. Plaintiff's argument is overruled.

### B. Order Denying Plaintiff's Motion to Stay Proceedings

**[4]** By his second appeal, Plaintiff contends that the trial court erred in denying his motion to stay proceedings against the Nurse

Defendants pending the disposition of his appeal from the dismissal of the other Defendants. In light of our holding *supra*, we need not determine whether Plaintiff's interlocutory appeal is properly before us nor reach the merits of Plaintiff's argument on this issue.[5]

The orders of the trial court are

AFFIRMED.

Judges STROUD and HUNTER, JR. concur.

———————

5. We note that although the trial court suggested that Plaintiff move this Court for a writ of *supersedeas* to stay the proceedings against the Nurse Defendants pending the outcome of his appeal from the dismissal of the other Defendants, Plaintiff did not do so.