## BABB v. HOSKINS

[223 N.C. App. 103 (2012)]

R. KENNETH BABB, as Public Administrator CTA of the Estate of Juliette K. Miranda; and RICHARD BOADA, as successor trustee of the Juliette K. Miranda revocable trust, Plaintiffs v. RICKEY ALLEN HOSKINS; LAURA D. TURNER; MARC W. INGERSOLL; and INGERSOLL & HICKS, PLLC, Defendants

No. COA12-318

(Filed 16 October 2012)

### 1. Appeal and Error—interlocutory orders and appeals—dismissal of some but not all parties—substantial right

An order dismissing some but not all of the defendants from an action arising from the management of a trust was interlocutory but immediately appealable because it affected a substantial right. The claims arose from a common set of facts and the parties could otherwise be subject to inconsistent verdicts.

### 2. Statutes of Limitation and Repose—legal malpractice—breach of fiduciary duty—statute of repose

The trial court did not err when it granted the motion of the Ingersoll defendants to dismiss plaintiffs' claims for legal malpractice and breach of fiduciary duty arising from Ingersoll's failure to review documents and protect the trust. Ingersoll drafted three documents in 2006 and had no further relationship to the trustor or trustee until tax returns were prepared in 2008. There was no continuing professional duty from the creation of the documents (the tax returns created a new professional duty), so that these claims, filed in 2011, were beyond the four-year statute of repose.

### 3. Attorneys—malpractice—estate tax return—claim adequately stated—within statute of limitations

The trial court erred when it dismissed plaintiffs' legal malpractice claim against Ingersoll concerning the preparation of estate tax returns. Ingersoll had a duty to use reasonable care and diligence; viewing the allegations as true for the limited purpose of testing the adequacy of the complaint, plaintiffs sufficiently stated a claim for legal malpractice. The claim was brought within the three-year statute of limitations.

Appeal by plaintiffs from order entered 18 November 2011 by Judge Vance Bradford Long in Forsyth County Superior Court. Heard in the Court of Appeals 27 August 2012.

BABB v. HOSKINS

[223 N.C. App. 103 (2012)]

*Craige Brawley Liipfert & Walker, LLP, by William W. Walker, for plaintiffs—appellants.*

*Boydoh & Hale, PLLC, by J. Scott Hale, for defendants— appellees.*

MARTIN, Chief Judge.

Plaintiffs R. Kenneth Babb, Public Administrator CTA of the Estate of Juliette K. Miranda, and Richard Boada, successor trustee of the Juliette K. Miranda revocable trust, appeal from the trial court's order dismissing all of plaintiffs' claims against defendants Marc W. Ingersoll and Ingersoll & Hicks, PLLC.

In 1999, Juliette Miranda ("Ms. Miranda") created a revocable trust ("the Trust") into which she transferred the majority of her considerable assets. On 18 January 2006, Ms. Miranda gave her power of attorney to two friends, defendants Rickey Allen Hoskins ("Hoskins") and Laura D. Turner ("Turner"). On 25 January 2006, Ms. Miranda amended the Trust to appoint Hoskins and Turner as trustees. The amendment gave Hoskins and Turner authority to withdraw funds from the Trust. Plaintiffs allege that after being appointed attorneys-in-fact and trustees, Hoskins and Turner began making improper payments from the Trust that greatly reduced the Trust's value.

Defendant Marc Ingersoll ("Ingersoll") began providing legal services to Ms. Miranda in 2006. Ingersoll drafted three documents for Ms. Miranda, all of which were signed on 9 October 2006: (1) a complete restatement of the Trust; (2) a charitable remainder unitrust; and (3) a will. Ms. Miranda died in September 2007.

Federal and state estate tax returns were due in June 2008. Ingersoll and Hoskins prepared the tax returns in October 2008. Ingersoll filed the returns on 30 October 2008, with checks for federal and state taxes. Payment was stopped on the federal tax check to the IRS and the payment for state tax was in excess of the amount actually due. No steps were taken to seek a refund. In April 2009, the IRS began an audit in which it charged the estate with substantial penalties for failure to pay and for the bad check.

Plaintiffs commenced this action on 31 May 2011, asserting the following claims for relief against defendants: breach of fiduciary duty by each defendant; constructive fraud by Hoskins and Turner; imposition of a constructive trust against Hoskins and Turner; breach of duty as executor against Hoskins; and legal malpractice against the

Ingersoll defendants. In August 2011, the Ingersoll defendants moved to dismiss the complaint pursuant to N.C.G.S. § 1A-1, Rules 9, 12(b)(1) and (6). By order entered 18 November 2011, the trial judge granted the motion to dismiss. Plaintiffs moved that the trial court amend its order to include a certification pursuant to N.C.G.S. § 1A-1, Rule 54(b). Plaintiffs' motion was denied and thereafter, plaintiffs gave notice of appeal.

---

**[1]** Our first duty is to determine whether the appeal is properly before us to review. The trial court's order dismisses all claims against the Ingersoll defendants but does not address plaintiffs' claims against defendants Hoskins and Turner. An order made during the pendency of an action, which does not determine the entire controversy between the parties, is interlocutory. *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). This Court may review an interlocutory order only if: (1) the trial court has certified, pursuant to Rule 54 of the North Carolina Rules of Civil Procedure, that no just reason exists to delay review of its order, or (2) when the order deprives the appellant of a substantial right which would be lost if immediate review is not taken before a final determination of the case. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). "A substantial right is affected when (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *Estate of Redding v. Welborn*, 170 N.C. App. 324, 328, 612 S.E.2d 664, 668 (2005) (internal quotation marks omitted). In *Taylor v. Brinkman*, 108 N.C. App. 767, 425 S.E.2d 429, *disc. review denied*, 333 N.C. 795, 431 S.E.2d 30 (1993), this Court concluded that the trial court's grant of summary judgment against one of two defendants was immediately appealable because a dismissal of the appeal "could result in two different trials on the same issues, thereby creating the possibility of inconsistent verdicts . . . ." *Id.* at 770, 425 S.E.2d at 431. In that case, plaintiff sued defendant and defendant's father, alleging that defendant was negligent in her operation of the vehicle that struck and injured plaintiff, and that defendant's negligence could be imputed to defendant's father through the family purpose doctrine. *Id.* at 768, 425 S.E.2d at 430. This Court concluded a substantial right was affected because plaintiff had to attempt "to prove [defendant's] negligence in her case against [defendant's] father. If, at a later time, summary judgment in favor of [defendant] is reversed, [plaintiff] must again seek to prove

[defendant's] negligence in her action against [defendant]." *Id.* at 770, 425 S.E.2d at 431.

In the present case, the trial court entered final judgment for fewer than all defendants and did not include a certification that the case was appealable pursuant to Rule 54 of the North Carolina Rules of Civil Procedure. Therefore, plaintiffs must show that a substantial right has been affected such that immediate review is necessary. Like the plaintiff in Taylor, plaintiffs in this case seek relief against multiple defendants based on claims arising from a common set of facts. In their brief, plaintiffs argue that "[s]eparate trials of plaintiffs' claims against Hoskins/Turner and against the Ingersoll defendants create the possibility of inconsistent verdicts." Plaintiffs posit that a jury could find Hoskins and Turner not liable because they relied on the advice of Ingersoll, and if this Court reverses the dismissal of claims against Ingersoll, a jury could find Ingersoll not liable because he relied on information given to him by Hoskins and Turner. We agree with plaintiffs that the same factual issues would be present in both trials and that a successful appeal of the order here could subject the parties to inconsistent verdicts. We conclude therefore that the order affects a substantial right and is subject to immediate review. Therefore, we address the merits of plaintiffs' claim.

**[2]** Plaintiffs contend the trial court erred when it granted the Ingersoll defendants' motion to dismiss the claims against them for legal malpractice and breach of fiduciary duty. In ruling on a motion to dismiss, "the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted), *disapproved of on other grounds by, Dickens v. Puryear*, 302 N.C. 437, 446-52, 276 S.E.2d 325, 332-35 (1981). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). In ruling on the motion, the allegations of the complaint must be treated as true. *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987).

In the present case, plaintiffs first allege Ingersoll breached his fiduciary duty and committed legal malpractice when he failed to

**BABB v. HOSKINS**

[223 N.C. App. 103 (2012)]

review records related to the Trust and discover the wrongdoing committed by Hoskins and Turner and failed to take steps to protect the interests of Ms. Miranda. The statute of limitations in a case of legal malpractice is three years and the statute of repose is four years. N.C. Gen. Stat. § 1-15(c) (2011). A cause of action for legal malpractice accrues "at the time of the occurrence of the last act of the defendant giving rise to the cause of action." *Id.* The North Carolina Supreme Court considered what constitutes "the last act of the defendant giving rise to the cause of action" in *Hargett v. Holland*, 337 N.C. 651, 654-58, 447 S.E.2d 784, 787-89, *disc. review denied*, 338 N.C. 672, 453 S.E.2d 177 (1994). In that case, plaintiffs commenced a malpractice action against the attorney who drafted a will, alleging the attorney negligently drafted the will so that it did not properly effectuate the intent of the testator. *Id.* at 654, 447 S.E.2d at 787. The Court held plaintiffs' action was barred by the statute of limitations because the last act giving rise to the cause of action was the drafting of the will, which occurred more than four years before the suit was brought. *Id.* at 655-56, 447 S.E.2d at 788. The Court concluded that an arrangement between an attorney and his client for the drafting of a will "did not impose . . . a continuing duty thereafter to review or correct the will or prepare another will." *Id.* at 655, 447 S.E.2d at 788. The Court compared the situation to medical malpractice:

> Just as a physician's duty to the patient is determined by the particular medical undertaking for which he was engaged, an attorney's duty to a client is likewise determined by the nature of the services he agreed to perform. An attorney who is employed to draft a will and supervise its execution and who has no further contractual relationship with the testator with regard to the will has no continuing duty to the testator regarding the will after the will has been executed.

*Id.* at 656, 447 S.E.2d at 788; *see Chase Dev. Grp. v. Fisher, Clinard & Cornwell, PLLC,* ___ N.C. App. ___, ___, 710 S.E.2d 218, 226 (2011) (holding an attorney's renewed representation on the same matter as he previously advised does not create a continuing duty connecting the two representations so as to halt the running of the statute of limitations); *see also Ramboot, Inc. v. Lucas*, 181 N.C. App. 729, 735, 640 S.E.2d 845, 848 (concluding malpractice action for failure to rescind a settlement agreement was barred by the statutes of limitation and repose because the last act of the defendant giving rise to the cause of action occurred when plaintiffs signed the settlement agreement), *disc. review denied*, 361 N.C. 695, 652 S.E.2d 650 (2007); *Jordan v.*

*Crew*, 125 N.C. App. 712, 719, 482 S.E.2d 735, 738 (holding malpractice action for the negligent drafting of deeds was barred by the statutes of limitation and repose because the last act of the defendant giving rise to the cause of action was the delivery of the deeds), *disc. review denied*, 346 N.C. 279, 487 S.E.2d 548 (1997).

Here, Ingersoll drafted a restatement of the Trust, along with two other documents, all of which were signed on 9 October 2006. Plaintiffs do not allege that Ingersoll had a further contractual relationship with Ms. Miranda or the Trust until 2008, when he was contacted by the trustees to prepare tax returns. Because the "nature of the services he agreed to perform" was solely limited to the drafting of three documents, *see Hargett*, 337 N.C. at 656, 447 S.E.2d at 788, we conclude that Ingersoll's professional duty to Ms. Miranda and the Trust ended upon completion of the Trust restatement on 9 October 2006, and, consistent with the above authority, Ingersoll owed no continuing fiduciary duty beyond that date; a new professional duty was created in 2008 when Ingersoll was retained to prepare the tax returns. Therefore, plaintiffs' claim for breach of fiduciary duty by Ingersoll for actions before 31 May 2007 was properly dismissed pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) because those actions are beyond the four year statute of repose provision contained in N.C.G.S. § 1-15(c).

Because no continuing duty to the Trust arose out of Ingersoll's drafting of the Trust restatement, we also conclude Ingersoll's last act giving rise to the claim for legal malpractice, as it relates to his alleged failure to review Trust records and protect the Trust, occurred when he drafted the Trust restatement on 9 October 2006. Therefore, plaintiffs' claim for legal malpractice relating to Ingersoll's alleged failure to review Trust records and protect the Trust, is barred by the four-year statute of repose provision contained in N.C.G.S. § 1-15(c), as it was brought on 31 May 2011, which is more than four years after the last act giving rise to the claim.

[3] Plaintiffs also contend Ingersoll committed legal malpractice by negligently preparing and filing the federal and state estate tax returns. In a negligence action, an attorney "is answerable in damages for any loss to his client which proximately results from a want of that degree of knowledge and skill ordinarily possessed by others of his profession similarly situated, or from the omission to use reasonable care and diligence . . . ." *Hodges v. Carter*, 239 N.C. 517, 520, 80 S.E.2d 144, 146 (1954). In addition, the federal regulations govern-

ing the practice of attorneys before the IRS provide that "[a] practitioner must exercise due diligence . . . [i]n preparing or assisting in the preparation of, approving, and filing tax returns, documents, affidavits, and other papers relating to Internal Revenue Service matters . . . ." 31 C.F.R. § 10.22 (2011).

Plaintiffs allege Ingersoll had a duty to exercise reasonable care and diligence in the preparation and filing of the tax returns, and plaintiffs' allegations, taken as true, establish Ingersoll may have breached this duty, thereby causing penalties to be assessed against the Estate. Thus, viewing the allegations as true for the limited purpose of testing the adequacy of the complaint, we conclude plaintiffs have sufficiently stated a claim for legal malpractice against Ingersoll in his preparation of the estate tax returns. Because plaintiffs' claim was brought on 31 May 2011, which is within the three-year statute of limitations, we hold the trial court erred when it dismissed plaintiffs' legal malpractice claim, as it relates to the 2008 preparation of tax returns, against Ingersoll.

Affirmed in part, reversed in part, and remanded.

Judges GEER and STROUD concur.