IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-730

Filed 21 February 2023

Mecklenburg County, No. 21CVS3062

MUGABO YVES, Plaintiff,

v.

NOE MARTINEZ TOLENTINO a/k/a TOLENTINO NOE MARTINEZ, Defendant.

Appeal by defendant from judgment entered 13 January 2022 by Judge George Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 February 2023.

> *The Layton Law Firm, PLLC, by Christopher D. Layton, for the plaintiff-appellant.*
>
> *Law Office of Zach R. Snyder, PLLC, by Zach Snyder, for the defendant-appellee.*

TYSON, Judge.

Mugabo Yves ("Plaintiff") sought damages for injuries which occurred as a result of Noe Martinez-Tolentino's ("Defendant") purported negligence. Defendant moved to dismiss Plaintiff's Summons and Complaint for improper service. The trial court allowed the motion and dismissed Plaintiff's complaint with prejudice. Plaintiff appeals. We affirm.

## I. Background

Defendant drove his car through an intersection and ran into Plaintiff on 5

March 2018. Plaintiff was riding a bicycle and alleged he had sustained serious injuries. Plaintiff and Defendant unsuccessfully attempted to settle the matter outside of court. Plaintiff filed his complaint a few days before the statute of limitations expired, seeking compensatory damages for Defendant's purported negligence on 2 March 2021.

Plaintiff used the United Parcel Service ("UPS") to attempt to serve Defendant on 13 April 2021. UPS had temporarily adjusted its delivery guidelines for packages requiring a signature to a no-contact policy because of restrictions from the COVID-19 pandemic. According to the UPS website, UPS drivers were still required "to make contact with the consignee," and the consignee was required to "acknowledge that UPS is making a delivery and, if applicable, show government issued photo ID."

The UPS "Proof of Delivery" receipt provides the package was delivered on 19 April 2021 and received by "MARTINAZ." The driver signed "COVID-19" in the space designated for a consignee's signature to indicate compliance with the COVID-19 no-contact signature protocols. Plaintiff's lawyer signed an Affidavit of Service on 22 April 2021, which provided that a certified a copy of the Affidavit of Service was mailed to the same address using the United States Postal Service ("USPS").

Defendant moved to dismiss pursuant to Rule 4 and Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the North Carolina Rules of Civil Procedure on 20 July 2021. Defendant's motion to dismiss included two affidavits: (1) one by Defendant stating he had moved and had not been personally served with a copy of the Summons or

Complaint; and, (2) one from the person currently living at Defendant's former address, who stated he resided at the address on the day the Summons and Complaint were sent. Defendant also attached paystubs and a change of address from his bank demonstrating he was being paid at a different address at the time he was served. Plaintiff filed a response to Defendant's motion to dismiss on 27 August 2021.

Defendant's motion was heard on 14 December 2021. The trial court found the Summons "did not contain the Defendant's correct address" and "the Defendant ha[d] not been personally served with this lawsuit, pursuant to Rule 4 of the North Carolina Rules of Civil Procedure." The trial court granted Defendant's motion to dismiss with prejudice on 13 January 2022, as any subsequent issuance of any Alias and Pluries would be time-barred as occurring after the statute of limitations had expired. Plaintiff filed timely notice of appeal.

## II.    Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2021).

## III.    Proof of Service

Plaintiff argues the trial court erred in dismissing his complaint because Defendant was properly served according to Rule 4(j)(1)(d) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 4 (2021). He asserts the trial court failed to find and apply a presumption of valid service, because Defendant's purported signature was contained on the UPS "Proof of Delivery" receipt.

Plaintiff also asserts Rule 4(j2)(2) prevents Defendant from pleading the statute of limitation as a defense, because the action was commenced before the period of limitation expired. *Id.*

## A. Standard of Review

"We review *de novo* questions of law implicated by . . . a motion to dismiss for insufficiency of service of process." *New Hanover Cty. Child Support Enf't ex rel. Beatty v. Greenfield*, 219 N.C. App. 531, 533, 723 S.E.2d 790, 792 (2012).

## B. Analysis

"The purpose of a summons is to give notice to a person to appear at a certain place and time to answer a complaint against him." *Stinchcomb v. Presbyterian Med. Care Corp.*, 211 N.C. App. 556, 562, 710 S.E.2d 320, 325 (2011) (citation and quotation marks omitted).

"In order for a summons to serve as proper notification, it must be issued and served in the manner [as is] prescribed by statute." *Id.* (citation and quotation marks omitted); *Fender v. Deaton*, 130 N.C. App. 657, 659, 503 S.E.2d 707, 708 (1998) ("[I]t is well established that a court may only obtain personal jurisdiction over a defendant by the issuance of summons and service of process by one of the statutorily specified methods.") (citation omitted).

A plaintiff's failure to comply with the statutory requirements for service and process will not cure procedural defects, including a defendant's actual notice of a lawsuit. *Ryals v. Hall-Lane Moving & Storage Co.*, 122 N.C. App. 242, 247, 468

S.E.2d 600, 604 (1996) ("It is well-settled that process must be issued and served in the manner prescribed by statute, and failure to do so makes the service invalid, even though a defendant had actual notice of the lawsuit.") (citations omitted).

Long ago, this Court stated, "a person relying on the service of a notice by mail must show strict compliance with the requirements of the statute." *In re Appeal of Harris*, 273 N.C. 20, 24, 159 S.E.2d 539, 543 (1968) (citation and internal quotation marks omitted); *Fulton v. Mickle*, 134 N.C. App. 620, 623, 518 S.E.2d 518, 521 (1999).

Our statutes provide several options for the acceptable manner of service of process. One option for serving a "natural person" is to: "deposit [ ] with a designated delivery service . . . a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(d). A delivery receipt "includes an electronic or facsimile receipt." *Id.*

### 1. Presumption of Valid Service

If the record demonstrates compliance with the statutory requirements for service of process, such compliance raises a rebuttable presumption the service was valid. *Patton v. Vogel*, 267 N.C. App. 254, 258, 833 S.E.2d 198, 202 (2019) (quoting *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 491, 586 S.E.2d 791, 796 (2003) (citations omitted)); *see also Taylor v. Brinkman*, 108 N.C. App. 767, 771, 425 S.E.2d 429, 432 (1993) ("The filing of an affidavit consistent with N.C. [Gen. Stat.] § 1–

75.10(4) raises a rebuttable presumption of valid service consistent with N.C. [Gen. Stat.] § 1A–1, Rule 4(j)(1)(c).") (citation omitted).

In *Patton*, the plaintiff first mailed a copy of the complaint and summons *via* FedEx to an address listed on the accident report. *Id.* at 255, 833 S.E.2d at 200. The attempted service was returned to plaintiff and indicated the delivery address was vacant. *Id.* When plaintiff mailed another copy to an address discovered by a private investigator, plaintiff received a signed receipt of delivery from someone named "R. Price." *Id.* The defendant in *Patton* filed an affidavit with her motion to dismiss for improper service, averring: (1) she lived at the address listed on the accident report "on and after the day of the accident[;]" (2) had "neither lived nor worked" at the address supposedly discovered by the private investigator; (3) "had not authorized 'R. Price' or anyone else to accept legal papers for her[;]" and, (4) "had never been served with a copy of the summons, complaint, or amended complaint." *Id.* at 255-56, 833 S.E.2d at 200-01.

On appeal, the plaintiff in *Patton* argued the defendant's "single affidavit averring she did not reside" at the address discovered by the private investigator did not "overcome the presumption" she lived there. *Id.* at 258, 833 S.E.2d at 202. This Court held defendant had overcome the presumption because the plaintiff had "produced no evidence other than the 'R. Price' receipt from FedEx to support the presumption of effective service." *Id.*

The facts before us are very similar to those in *Patton*. Defendant produced two sworn affidavits: (1) one averring he did not live at the address at the time the complaint and summons were delivered and attached paystubs indicating his current address; and, (2) another from the current occupant averring Defendant did not live at the address listed on the UPS delivery receipt on the date the summons and complaint were delivered. Those two affidavits, taken together, provided sufficient evidence for the trial court to find and conclude Defendant was not timely served according to the statute. *Id.* Plaintiff's argument is overruled.

## 2. *Statute of Limitation Defense Pursuant to N.C. R. Civ. Pro. 4(j2)(2)*

Plaintiff's argument asserting Rule 4(j2)(2) prevents Defendant from pleading the statute of limitation as a defense is similarly without merit. The application of Rule 4(j2)(2) is explained in *Taylor*:

> If the plaintiff, in seeking judgment by default, presents an affidavit giving rise to the presumption of valid service and this presumption is later rebutted, "the statute of limitation may not be pleaded as a defense if the action was initially commenced within the period of limitation and service of process is completed within 60 days from the date the service is declared invalid."
>
> Because Taylor was not seeking the imposition of a *judgment by default, the sixty-day saving provision of Rule 4(j2)(2) was not applicable.*

*Taylor*, 108 N.C. App. at 771, 425 S.E.2d at 432 (emphasis supplied) (citations omitted).

Here, Plaintiff was not seeking judgment by default, as Defendant had timely moved to dismiss the complaint for improper service. Rule 4(j2)(2) is not applicable, and the expiration of the statute of limitation bars Plaintiff from bringing the claim again. *Id.*; *see also United States v. Locke*, 471 U.S. 84, 101, 85 L.Ed.2d 64, 80 (1985) ("[S]tatutes of limitations [ ] necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a [statute of limitations] is to have any content, the deadline must be enforced."). Plaintiff's argument is overruled.

## IV. Conclusion

The trial court properly concluded Plaintiff had failed to timely perfect service upon Defendant. The two affidavits Defendant submitted with his motion to dismiss sufficiently rebutted any presumption the service was valid. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(d); *Patton*, 267 N.C. App. at 258, 833 S.E.2d at 202.

The trial court also properly dismissed Plaintiff's claim with prejudice, because Plaintiff was not seeking a default judgment and Rule 4(j2)(2) of the North Carolina Rules of Civil Procedure does not apply. N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); *Taylor*, 108 N.C. App. at 771, 425 S.E.2d at 432. The statute of limitation bars Plaintiff from renewing his claims. *Id.*; *Locke*, 471 U.S. at 101, 85 L.Ed.2d at 80. The order of the trial court is affirmed. *It is so ordered.*

AFFIRMED.

Judges ZACHARY and GORE concur.